MERRITT E. CASTNER AND RACHAEL A. CASTNER v. THE FARMERS' MUTUAL FIRE INSURANCE COMPANY OF VAN BUREN COUNTY.

*Joint insurance—Description—Title—Insurance by agents.*

A fire insurance company, on being sued for a loss, cannot defend on the ground that the risk was increased by a neighboring dry-house which was not described in the application for insurance, where, in fact, the proof of loss showed its position, and the notice of refusal to pay treated it as included in the policy, but not properly heated, and did not rely upon undue concealment of its proximity.

A person applying for insurance on property is not required by law to explain the exact state of the title nor the precise nature of his interest in it, if he is not distinctly required to do so by the company.

The custodians of property, such as factors, agents, or consignees, can insure it for the benefit of present owners or notwithstanding changes of ownership.

An insurance policy may be taken jointly to secure property owned in severalty.

A policy of insurance on property is good for all the owners for whom it is made though they have several as well as joint interests, and when it all belongs to the parties insured it makes no necessary difference to the insurer how their interests are apportioned.

The Supreme Court cannot on error pass upon a question of fact not submitted to the jury, and not admitted by the opposite party.

Error to Van Buren. Submitted Apr. 6. Decided Apr. 13.

ASSUMPSIT. Plaintiffs bring error. Reversed.

*Lester A. Tabor* for plaintiffs in error. Insurance may be given to protect joint interests: *Van Schoick v. Niagara Fire Ins. Co.* 68 N. Y. 436; and the insured may sue on the policy jointly: *Farni v. Tesson* 1 Black 309; *Capen v. Barrows* 1 Gray 376; *Foley v. Addenbrooke* 4 Q. B. 197; *Anderson v. Martindale* 1 East 497; *Ludlow v. McCrea* 1 Wend. 228; *Buckner v. Hamilton* 16 Ill. 487; suit must be brought in the name of the parties contracted with: 1 Chit. Pl. 3; *Montague v. Smith* 13 Mass. 405; *Howe v. Howe* 1 N. H. 49; *Smith v. Emery* 7 Halst. 53; *Wheelwright v. Beers* 2 Hall 391; *Barndoller v. Tate* 1 S. & R. 100; *Treat v. Stanton* 14 Conn. 445; *Millard v. Baldwin* 3 Gray 484; though their interests in the proceeds be unequal and distinct: *Marshall v. Moseley* 21 N. Y. 287; *Hill v. Gibbs* 5 Hill 56; *Martin v. Crompe* 1 Ld. Raym. 340.

*Chandler Richards* and *Mills, Crane & Hilton* for defendant in error. As to the rule as to the divisibility of insurance contracts, see *Peoria Ins. Co. v. Hall* 12 Mich. 202; *Hartford Fire Ins. Co. v. Davenport* 37 Mich. 609; *Ætna Ins. Co. v. Resh* 40 Mich. 243; *Agricultural Ins. Co. v. Montague* 38 Mich. 548; authority preponderates against it: *Lowell v. Ins. Co.* 8 Cush. 127; *Brown v. Ins. Co.* 11 Cush. 280; *Friesmuth v. Ins. Co.* 10 Cush. 587; *Patten v.*

*Ins. Co.* 38 N. H. 338; *Fireman's Associate Ins. Co. v. Assum* 5 Ind. 165; *Columbian Ins. Co. v. Laurence* 2 Pet. 25; *Bowman v. Ins. Co.* 40 Md. 620; *Lovejoy v. Ins. Co.* 45 Me. 472; *Gould v. Ins. Co.* 47 Me. 403; *Barnes v. Ins. Co.* 51 Me. 110; *Wilson v. Ins. Co.* 6 N. Y. 53; *Fire Association v. Williamson* 26 Penn. St. 196; *Goltsman v. Ins. Co.* 56 Penn. St. 210; *Hinman v. Ins. Co.* 36 Wis. 159; *Eminence Ins. Co. v. Jesse* 1 Metc. (Ky.) 523.

CAMPBELL, J.  Plaintiffs sued upon a policy of insurance issued to them jointly on a dwelling and personal property contained in it, both of which were destroyed by fire.  The house was occupied by both—being mother and son—but each occupied separate portions, and the son owned the fee subject to his mother's life interest.  The personal property was also owned in severalty, the son's property being the largest part.  The fire caught from a dry-house near the dwelling, as was shown by plaintiffs.

The defense urged on the trial was—*first*, that the property was not joint; *second*, that the policy was destroyed or suspended by default on assessments; and *third*, that the dry-house increased the risk, and was not described in the application.

The circuit court ruled in favor of defendant on the question of joint interest, and did not decide the other points; but defendant claims that if any of these were well taken, the judgment cannot be reversed.

It appears from the record that after proof of loss, which in regard to the personal property, at least, showed a separate title in Mrs. Castner to a part of it, the company refused to pay on two grounds: *first*, failure to pay assessments; and *second*, the use of a stove in a room without a chimney.

The objection, therefore, that there had been an undue concealment of the proximity of the dry-house cannot be relied on, for the proof of loss showed its position, and the company by the notice seem to have treated it as part of the property insured, but as not properly heated.  There

46 MICH.—2

may be some question how far they were informed concerning the title.

We do not think the objection based on the condition of the title is valid. It is quite common to require the insured to explain the exact state of the title, and of course where this is required it may become or be made material. But in the absence of such a requirement we think the law has not required so minute accuracy. The chief reason for looking to ownership is to prevent wager policies, and to confine the insurance to an indemnity. But it has always been competent for parties to insure property in their custody for the benefit not only of other present owners, but also notwithstanding changes of ownership. Factors, agents and consignees do this without objection. *Rogers v. Traders' Ins. Co.* 6 Paige 583; *DeForest v. Fulton Fire Ins. Co.* 1 Hall (N. Y.) 84.

Neither does it seem necessary that the precise nature of the interest should appear in the application or policy, unless distinctly required. And if insurance is made for various parties, and they have several as well as joint interests, the policy is good for all. *Foster v. U. S. Ins. Co.* 11 Pick. 85.

There was a time when it was of very little consequence what interest an insured party had. It is no doubt against public policy to allow mere gambling in insurance. But when the entire property belongs to the persons insured, it can make no necessary difference to the insurer in what way their interests are apportioned. If they deem it material they should inform the applicant before accepting his money.

There is nothing in the record which would enable us to determine that there was anything wrong about the dry-house, even if the objection that its position was concealed had not been waived.

Our attention has not been called to any provision of the corporation agreement or rules which binds a party by notice of assessments not brought home to him. But we could not properly pass upon a question of fact not submitted to the jury, and not admitted by the plaintiffs.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.