CAPITAL MORTGAGE CORPORATION v MICHIGAN BASIC
PROPERTY INSURANCE ASSOCIATION

1. JUDGMENT—SUMMARY JUDGMENT—EVIDENCE—COURT RULES.

A trial judge should consider affidavits, pleadings, depositions,
admissions, and documentary evidence then filed in an action
or submitted by the parties in deciding a motion for summary
judgment on the ground that there is no genuine dispute as to
any material fact (GCR 1963, 117.2[3]).

2. JUDGMENT—SUMMARY JUDGMENT—EVIDENCE—REJECTION·OF EVI-
DENCE—ERROR—COURT RULES.

All documentary evidence filed by the parties in an action to
recover the proceeds of a fire insurance policy is to be consid-
ered in deciding a motion for summary judgment; a trial
judge's refusal to consider anything outside of the pleadings
and rejection of a request that he consider a copy of a relevant
and material servicing agreement attached to plaintiff's answer
to a motion for summary judgment was error (GCR 1963,
117.2[3]).

3. INSURANCE—PROPERTY INSURANCE—INSURABLE PROPERTY.

Generally, a person may properly insure property not owned by
him.

4. INSURANCE—PROPERTY INSURANCE—INSURABLE INTEREST IN PROP-
ERTY—DESTRUCTION OF PROPERTY—PECUNIARY LOSS.

An insurable interest in property may be entirely disconnected
from any title, lien, or possession; a contractual duty to procure
insurance on property gives rise to an insurable interest as the
party bound to obtain insurance will suffer a pecuniary loss on
the destruction of the property in the absence of insurance.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 32.
[2] 73 Am Jur 2d, Summary Judgment § 32 et seq.
[3] 43 Am Jur 2d, Insurance § 466.
[4] 43 Am Jur 2d, Insurance § 466 et seq.
[5] 17 Am Jur 2d, Contracts § 297.

5. PARTIES—ACTIONS—CONTRACTS—REAL PARTY IN INTEREST—NON-
    JOINDER OF PARTIES—STATUTES—COURT RULES.
    A party in whose name a contract has been made for the benefit
    of another may sue in his own name without joining the other
    party (MCLA 600.2041; MSA 27A.2041, GCR 1963, 201.2).

Appeal from Oakland, James S. Thorburn, J.
Submitted June 6, 1977, at Detroit. (Docket No.
30501.) Decided September 21, 1977.

Complaint by Capital Mortgage Corporation
against Michigan Basic Property Insurance Associ-
ation to recover the proceeds of a fire insurance
policy. Summary judgment for defendant. Plaintiff
appeals. Reversed and remanded.

*James H. Hudnut, P. C.* (by *Lee Ravitz*), for
plaintiff.

*Johnson, Campbell & Moesta,* for defendant.

Before: J. H. GILLIS, P. J., and BRONSON and
R. E. ROBINSON,* JJ.

BRONSON, J. Plaintiff instituted this action to
recover the proceeds of a fire insurance policy
covering a residential home in the City of Detroit.
Summary judgment was entered in favor of de-
fendant, Michigan Basic Property Insurance Asso-
ciation, on the basis that, as a matter of law,
plaintiff did not have an insurable interest in the
subject property and also on the ground that plain-
tiff was not a real party in interest.[1] See GCR
1963, 201.2.[2]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This issue had been raised *sua sponte* by the trial court at an
earlier hearing.

[2] "Every action shall be prosecuted in the name of the real party in
interest; but an executor, administrator, guardian, trustee of an
express trust, a party with whom or in whose name a contract has

Plaintiff became mortgagee on the subject property on December 30, 1971. It assigned the mortgage to the Federal National Mortgage Association (FNMA) on the same day. Pursuant to a "servicing agreement" between plaintiff and FNMA, plaintiff contracted to collect the monthly installments of principal and interest, credit amounts collected less a fee to FNMA, keep records, pay taxes and maintain hazard insurance on the property. Plaintiff also agreed to indemnify FNMA for any losses it sustained as a result of plaintiff breaching any of its duties under the agreement.

Pursuant to the agreement, plaintiff obtained fire insurance on the subject premises from defendant. Shortly thereafter, the premises were destroyed by fire. Defendant rejected plaintiff's claim for damages and plaintiff instituted the instant action.

Although defendant's motion for summary judgment did not specifically state whether it was based on GCR 1963, 117.2(1) (failure to state a claim upon which relief can be granted) or GCR 1963, 117.2(3) (no genuine dispute as to any material fact), it appears to have been a 117.2(3)[3] motion. It did state that it was based on the pleadings, exhibits and affidavits, and concluded:

"That there are no questions of fact but merely

been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action was brought * * * ."

[3] "The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

\* \* \*

"(3) that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law."

questions of law and as a matter of law defendant is entitled to summary judgment."

Defendant agrees in its appellate brief that the motion was based on 117.2(3).

Despite the fact that, in deciding a 117.2(3) motion a trial judge should consider affidavits, pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, GCR 1963, 117.3,[4] the trial judge refused to consider anything outside of the pleadings. In particular, the judge rejected plaintiff's request that he consider a copy of the servicing agreement attached to plaintiff's answer to the summary judgment motion. This was error. As stated above, all documentary evidence filed is to be considered in deciding a 117.2(3) motion. The trial court's refusal to consider the servicing agreement requires reversal of the summary judgment for defendants.

This is not the end of the matter, however. Defendant argues on appeal that, even considering the servicing agreement, plaintiff does not have an insurable interest as a matter of law, as it had assigned its mortgage on the premises prior to obtaining the fire insurance. We hold that plaintiff did have an insurable interest in the subject premises.

The general rule in Michigan is that one may properly insure property not owned by him:

---

[4] "A motion based upon sub-rule 117.2(3) shall be supported by affidavits, and the opposing party prior to the day of hearing may serve opposing affidavits. * * * Such affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties shall be considered by the court at the hearing. * * * Judgment shall be rendered forthwith if the pleadings show that any party is entitled to judgment as a matter of law or if the affidavits or other proof show that there is no genuine issue of fact."

"But it has always been competent for parties to insure property in their custody for the benefit not only of other present owners, but also notwithstanding changes of ownership. Factors, agents and consignees do this without objection." *Castner v Farmers' Mutual Fire Insurance Co,* 46 Mich 15, 18; 8 NW 554 (1881).

In *Crossman v American Insurance Co,* 198 Mich 304, 308–309; 164 NW 428 (1917), the Michigan Supreme Court held that an insurable interest may be "entirely disconnected from any title, lien, or possession". The Court stated:

"The question is not what is his title to the property, but rather, would he be damaged pecuniarily by its loss. If he would, he has an insurable interest. That interest may be derived by possession, enjoyment, or profits of the property, security or lien resting upon it, or it may be other certain benefits growing out of or dependent upon it. It was said by Mr. Justice Gray, speaking for the Court in Harrison v Fortlage, 161 US 57 (16 Sup Ct 488) [161 US 57, 65; 16 S Ct 488, 490; 40 L Ed 616, 619 (1897)]:

" 'It is well settled that any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself.' "

This latter statement of the law is generally recognized as definitive. 44 CJS, Insurance, § 175b, at 870; 3 Couch on Insurance 2d, § 24:13, at 86–87.[5]

The contractual duty to procure insurance gives rise to an insurable interest, as the party bound to obtain insurance will suffer a pecuniary loss on destruction of the property in the absence of insur-

---

[5] *See, also, Booker T. Theater Co v Great American Insurance Co of New York,* 369 Mich 583; 120 NW2d 776 (1963), where it was held that a mortgagee or lienholder had an insurable interest as to a contingent indebtedness.

ance. See *Village of Constantine v Home Insurance Co,* 427 F2d 1338 (CA 6, 1970) (construing Michigan law); 44 CJS, Insurance, § 175b, at 871, n 88; 3 Couch on Insurance 2d, § 24:13, at 89–90.

In the instant case, plaintiff was contractually bound to procure insurance on the property in question. If it had failed to do so, it would have been liable to FNMA for the loss under the servicing agreement. Absent insurance, plaintiff would suffer a pecuniary loss on the destruction of the premises. Since destruction would cause plaintiff to suffer a pecuniary loss, plaintiff had an insurable interest in the subject property. If the trial court had properly considered the servicing agreement in deciding the 117.2(3) motion, summary judgment for defendant on the basis that plaintiff had no insurable interest in the premises destroyed would have been improper. We hold that plaintiff did have an insurable interest.

The next question is whether the trial court correctly ruled that plaintiff could not maintain the instant action as it was not a real party in interest. Under both MCLA 600.2041; MSA 27A.2041 and GCR 1963, 201.2, a party in whose name a contract has been made for the benefit of another may sue in his own name without joining the other party. Thus, Capital Mortgage is a real party in interest and need not join FNMA. See generally Wright and Miller, Federal Practice and Procedure, § 1549.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.