RITE-WAY REFUSE DISPOSAL, INC v VANDERPLOEG

Docket No. 86158. Submitted March 5, 1986, at Grand Rapids. Decided July 7, 1987.

Rite-Way Refuse Disposal, Inc., whose principal shareholders, officers and directors are Jerome C. Rogers and Lois A. Rogers, purchased the assets, equipment and goods of a business known by the trade name of "Wolverine Vending Company" from Fred H. VanderPloeg and Beatrice VanderPloeg. The purchase price was $250,000, of which $100,000 was paid at closing and $150,000 was to be paid pursuant to a secured promissory note with interest at eight percent per year. The VanderPloegs agreed not to compete with Rite-Way Refuse Disposal in the coin-operated commercial bulk vending machine business within a radius of 250 miles and for a period of five years. Rite-Way Refuse Disposal subsequently sold the business it had acquired from the VanderPloegs to Castle Enterprises, Inc., for $460,000, with part of the purchase price payable under a secured promissory note. Rite-Way Refuse Disposal and the Rogerses later brought an action in the Kent Circuit Court against the VanderPloegs, alleging that the VanderPloegs had started a vending machine business in violation of the agreement not to compete. The trial court, Robert A. Benson, J., granted summary disposition in favor of defendants, ruling that plaintiff Rite-Way Refuse Disposal, Inc., was not a real party in interest in view of the sale of the business to Castle Enterprises and that, since Castle Enterprises was not joined as a party, dismissal was proper.

The Court of Appeals *held:*

1. The real party in interest rule, MCR 2.201, is concerned only with the power of the plaintiff before the court to bring suit upon the claim stated. Whether additional parties also have an interest, such that their joinder is required or the

REFERENCES

Am Jur 2d, Parties §§ 34 *et seq., 96 et seq.*

Who must be joined in action as person "needed for just adjudication" under Rule 19(a) of Federal Rules of Civil Procedure. 22 ALR Fed 765.

See also the annotations in the Index to Annotations under Joinder of Parties.

plaintiff is prohibited from proceeding without them, is not a question of real party in interest, but of necessary joinder of parties under MCR 2.205. In this case, to the extent that Rite-Way Refuse Disposal may be able to prove that defendants' activities had adversely affected the business of Castle Enterprises, Castle's ability to make payments to Rite-Way Refuse Disposal under its promissory note may be diminished and the underlying security may also suffer a decrease in value. Thus, Rite-Way Refuse Disposal's retention of a security interest in the business' assets is sufficient to establish that it is a real party in interest.

Reversed.

K. N. HANSEN, J. concurred, but wrote separately to note that the fact that Rite-Way Refuse Disposal retained a security interest in the sale of the business to Castle Enterprises is irrelevant. Judge Hansen instead concludes that Rite-Way Refuse Disposal maintained the right to enforce the terms of the covenant not to compete defendants entered into when Rite-Way Refuse Disposal acquired the business from defendants.

1. PARTIES — REAL PARTIES IN INTEREST — NECESSARY JOINDER OF PARTIES — COURT RULES.

The real party in interest rule is concerned only with the power of the plaintiff before the court to bring suit upon the claim stated; whether additional parties also have an interest, such that their joinder is required or the plaintiff is prohibited from proceeding without them, is not a question of real party in interest, but of necessary joinder of parties (MCR 2.201[B], 2.205).

2. PARTIES — REAL PARTIES IN INTEREST — RETENTION OF SECURITY INTEREST.

A party which purchased the assets, equipment, goods and trade name of a business from a seller who covenants not to compete under the terms of the purchase agreement and later sold that business to another individual and retained an interest in the assets as security for payment is, to the extent it can prove that its security interest is adversely affected by a breach of the original seller's covenant not to compete, a real party in interest to an action against the original seller (MCR 2.201[B]).

*Miller, Canfield, Paddock & Stone* (by *Michael P. Knapp* and *Charles L. Sweeris*), for plaintiffs.

*Law Offices of Thomas VanHattum & Associates, P.C.* (by *Thomas VanHattum*), for defendants.

Before: D. F. Walsh, P.J., and H. Hood and K. N. Hansen,* JJ.

Hood, J. Plaintiff appeals as of right from a circuit court opinion and order which granted defendants' motion for summary disposition and dismissed plaintiff's cause of action on the ground that plaintiff is not the real party in interest, MCR 2.116(C)(5).

Plaintiff Rite-Way Refuse Disposal is a corporation which formerly did business under the registered assumed name of "Wolverine Vending Company." Jerome and Lois Rogers are the principal shareholders and the officers and directors of the corporate plaintiff. On May 20, 1982, plaintiff purchased from defendants the assets, equipment and goods which were owned by defendants and used in the conduct of their business known as Wolverine Vending Company, with the purchase including the trade name. A substantial portion of the assets and equipment purchased were coin-operated commercial bulk vending machines which dispensed gum, candy and novelty items. At the time of the sale, the vending machines were located in numerous stores throughout Michigan.

The purchase price for the business was $250,000, with $100,000 paid at closing and the balance represented by a secured promissory note in the amount of $150,000 with interest at an annual rate of eight percent. The agreement also contained a provision that defendants would not compete with plaintiffs' business within a radius of 250 miles and for a period of five years, and that if this provision was violated the remaining balance of the promissory note at the time of the breach would be totally and unconditionally forgiven and the defendants would be considered paid in full.

* Circuit judge, sitting on the Court of Appeals by assignment.

In its complaint, plaintiff alleges that defendants have placed in several stores certain commercial bulk vending machines, which vend and dispense novelty items similar to those dispensed by the bulk vending machines purchased by plaintiff. In the September 7, 1983, complaint for declaratory relief, plaintiff alleged that this placement of the machines violates the spirit and the letter of the agreement as it pertains to the covenent not to compete. Defendants maintain that the placement of the subject machines in the stores is not the type of competition prohibited by the agreement.

On August 1, 1983, plaintiff sold the vending machines and operation, including the trade name Wolverine Vending Company, to Castle Enterprises for $460,000. Plaintiff and Castle executed a promissory note and plaintiff retained a security interest in the business for payment of that note. Plaintiff's agreement with Castle also included a covenant that plaintiff would not compete with Castle but does not include or mention defendants' covenant not to compete with the plaintiff.

The lower court initially denied defendants' motion to dismiss on the basis that plaintiff was not a real party in interest, but ordered that Castle Enterprises be joined as a third-party complainant. Plaintiff filed a third-party complaint, but failed to serve Castle. On June 19, 1985, the lower court granted defendants' motion on the ground that the suit was not being pressed by a real party in interest. The court stated that since plaintiff had transferred the assets to Castle plaintiff no longer had an interest in the assets. The court concluded that it was Castle which had the cause of action and, since Castle had not been joined, dismissal was proper.

MCR 2.201(B) provides that "[a]n action must be prosecuted in the name of the real party in inter-

est." 1 Martin, Dean & Webster, Michigan Court Rules Practice, p 6, explains:

> The purpose of the rule is to protect the defendant by requiring that the claim be prosecuted by the party who by the substantive law in question owns the claim asserted against the defendant.

The commentators then go on to discuss the relationship of the real party in interest rule to MCR 2.205 concerning necessary joinder of parties.

> *The real party in interest rule is concerned only with the power of the plaintiff before the court to bring suit upon the claim stated. Whether additional parties also have an interest, such that their joinder is required or the plaintiff is prohibited from proceeding without them, is not a question of real party in interest, but of necessary joinder of parties under MCR 2.205.*
>
> Thus, where a collision insurer has paid a part of the plaintiff's damages and taken a partial assignment of the plaintiff's claim, the plaintiff's power to maintain the action cannot be challenged on grounds that he is not a real party in interest. The plaintiff holds a substantive claim against the defendant. The question is whether the joinder of the insurer, an additional party in interest, should be compelled in order to protect the defendant against multiple suits. *MCR 2.205 provides defendant with the means to compel such joinder if jurisdiction over the absent party can be acquired.* [Emphasis added.]

In the instant case, the court reasoned that, since plaintiff had sold the vending machine business, neither the corporation nor the named shareholders could be real parties in interest. We conclude that the lower court erred and that as a matter of substantive law the plaintiff corporation's retention of a security interest in the assets

of the vending machine business is sufficient to establish that it is a real party in interest. To the extent that plaintiff may be able to prove that defendants' activities have adversely affected the business of Castle, Castle's ability to make payments to plaintiff under the promissory note may be diminished. If the alleged breach can be shown to damage Castle's business, then plaintiff's security is of lesser value.

While we have found no Michigan authority that squarely addresses this situation, we analogize this case to cases involving the assignment or subrogation of a mortgage. For example, in *Better Valu Homes, Inc v Preferred Mutual Ins Co,* 60 Mich App 315; 230 NW2d 412 (1975), this Court set aside a grant of accelerated judgment for the fire insurer and held that, under a policy with a standard mortgage loss-payable clause, the claim of either the mortgagee or the mortgagor is legally valid and based on contractual obligations and either would be a real party in interest. Similarly, in *Capital Mortgage Corp v Michigan Basic Property Ins Ass'n,* 78 Mich App 570; 261 NW2d 5 (1977), this Court held that a mortgagee of real property was a real party in interest with standing to bring suit to recover under a fire insurance policy despite the fact that the mortgage had been assigned, and that it was not necessary to join the assignee.

Although the Michigan courts have not directly addressed this question in relation to a secured party of a promissory note, plaintiff points to a California appellate decision, *Baldwin v Marina City Properties, Inc,* 79 Cal App 3d 393; 145 Cal Rptr 406 (1978). In *Baldwin,* plaintiffs sold their interests in a limited partnership to defendant Benscoter taking cash and promissory notes along with security agreements in the limited partner-

ship interests. When plaintiffs filed suit against persons alleged to have injured the partnership, the court held:

> (1) A holder of a security interest may maintain an action for the impairment of a security by a third party tort-feasor. (*American Sav & Loan Ass'n v Leeds* (1968) 68 Cal 2d 611, 614, fn 2, 616 [68 Cal Rptr 453, 440 P 2d 933]; *U S Financial v Sullivan* (1974) 37 Cal App 3d 5, 12-17 [112 Cal Rptr 18]; *Duarte v Lake Gregory Land and Water Co* (1974) 39 Cal App 3d 101, 105 [113 Cal Rptr 893].) This general rule is not only applicable to real property and the security interest of a beneficiary of a deed of trust or of a mortgagee (*U S Financial v Sullivan, supra,* 37 Cal App 3d at p 13, 112 Cal Rptr 18) but also includes a security interest in personal property. (*Weingand v Altantic Sav & Loan Ass'n* (1970) 1 Cal 3d 806, 818-819 [83 Cal Rptr 650, 464 P2d 106].) The liability of the wrongdoer for an impairment of a security interest is not limited to intentional actions and includes acts of negligence where it is reasonably foreseeable that such negligence would result in the impairment of the security interest. (*U S Financial v Sullivan, supra,* 37 Cal App 3d 5 at p 13.)
>
> (2) Plaintiffs had retained a security interest in the limited partnership interest that they sold to defendant Benscoter to secure the purchase money indebtedness evidenced by the Benscoter promissory notes. It is not necessary that plaintiffs accept or force a reconveyance of the security interest or foreclose on that interest either satisfying the indebtedness to them or reducing the indebtedness to them before bringing an action against the defendants as third party tortfeasors for the impairment of their security interest and the action for the impairment of the security interest may be brought whether or not the debtor is in default. (*U S Financial v Sullivan, supra,* 37 Cal App 3d at pp 15-17; 145 Cal Rptr 411-412.) [79 Cal App 3d 403.]

Accordingly, we are persuaded that plaintiff may maintain an action against defendants to protect its security interest.

We note that, although it was not the stated basis for the trial court's ruling, the court appears to have been troubled by the absence of Castle as a party. However, as stated in the previously quoted commentary from Michigan Court Rules Practice, *supra,* the real party in interest rule is concerned only with the power of the plaintiff who is before the court. It is the defendant's duty to join necessary parties under MCR 2.205. Moreover, we question whether Castle would be a real party in interest to the covenant between plaintiff and defendants since by its terms it does not extend to assigns and since no reference was made to it in the purchase agreement between plaintiff and Castle. Instead, that purchase agreement contained an entirely separate noncompetition covenant.

We conclude by also noting that, since Michigan jurisprudence looks to the overall reasonableness of this type of covenant, plaintiff has many substantive and evidentiary hurdles to clear in order to prove to the trial court that it is entitled to the declaratory ruling it seeks. We state only that plaintiff's retention of the security interest in the business is sufficient to make it a real party in interest under MCR 2.201. We therefore reverse the grant of summary disposition in favor of defendants.

Reversed.

D. F. WALSH, P.J., concurred.

K. N. HANSEN, J. *(concurring).* I concur in the holding of the majority that the trial court's decision must be reversed, but arrive at that decision by different reasoning.

The present action is for breach of the contract

executed May 20, 1982, whereby defendants sold to plaintiff the assets, equipment, and goods of their business known as Wolverine Vending Company including the trade name. Said contract contained the following provision:

> The Sellers hereby covenant with the Buyer that they shall not, directly or indirectly, as principal, agent, employee, consultant, director, officer, owner of an equity interest, or in any other capacity become engaged or interested in any business which directly or indirectly competes with *the business sold by the Sellers to the Buyer* within a radius of 250 miles from the present location of any of the commercial bulk vending machines conveyed by the Sellers to the Buyer for a period of five (5) years from and after the closing date then [sic] the entire balance of the Promissory Note executed by the Buyer to the Sellers herein, including principal and any accrued and unpaid business [sic] shall be totally, absolutely, and unconditionally forgiven and shall otherwise be considered by the parties paid in full. [Emphasis added.]

In commencing the present action, plaintiff alleged that defendants had breached the above covenant. Accordingly, plaintiff maintained that the balance of the purchase price it owed to defendants was forgiven. It is undisputed that, prior to any of the alleged violations of the covenant, plaintiff had conveyed its entire interest in Wolverine to Castle Enterprises, Inc., although plaintiff did retain a security interest in the business. The contract of sale between plaintiff and Castle contained a covenant whereby plaintiff agreed not to compete with Castle. However, said contract made no mention of the above-quoted covenant between plaintiff and defendants.

The trial court concluded that, since plaintiff

had sold Wolverine to Castle prior to defendants'
alleged violations of the above-quoted covenant,
plaintiff was not a real party in interest. Since.
MCR 2.201(B) provides that "[a]n action must be
prosecuted in the name of the real party in inter-
est," the trial court granted defendants' motion to
dismiss.

The majority concludes that the trial court erred
in finding that plaintiff was not a real party in
interest, based upon the following reasoning:

> In the instant case, the court reasoned that,
> since plaintiff had sold the vending machine busi-
> ness, neither the corporation nor the named share-
> holders could be real parties in interest. We con-
> clude that the lower court erred and that as a
> matter of substantive law *the plaintiff corpora-
> tion's retention of a security interest in the assets
> of the vending machine business is sufficient to
> establish that it is a real party in interest.* To the
> extent that plaintiff may be able to prove that
> defendants' activities have adversely affected the
> business of Castle, Castle's ability to make pay-
> ments to plaintiff under the promissory note may
> be diminished. If the alleged breach can be shown
> to damage Castle's business, then plaintiff's secu-
> rity is of lesser value. [Emphasis added.]

Thus, in the view of the majority the fact that
plaintiff retained a security interest in Wolverine
is determinative as to whether it is a real party in
interest. In my view, however, that fact is irrele-
vant. The fact that a plaintiff holds a security
interest might well be sufficient to make him a
real party in interest for purposes of maintaining
an action for impairment of security by a third-
party *tortfeasor.* However, that is not the question
presently before this Court. By way of the present
action, plaintiff seeks to enforce *contract* rights it
received under the contract of sale executed on

May 20, 1982. Plaintiff never conveyed its right to enforce the restrictive covenant contained in that contract to Castle or to anyone else. Accordingly, plaintiff remains the owner of said right and thus is a real party in interest in seeking its enforcement. This could remain true even if Castle had paid in cash to plaintiff the entire purchase price for Wolverine and plaintiff retained no security interest in the business, as long as plaintiff did not convey to another its right to enforce the above-quoted restrictive covenant. Therefore, I concur in the holding of the majority that plaintiff is a real party in interest for purposes of bringing the present action.

It is necessary to emphasize, however, that neither the majority in its opinion nor I in this concurrence have made any findings as to the extent of the restrictive covenant plaintiff seeks to enforce. The covenant provided that the balance of the purchase price owed by plaintiff to defendants would be forgiven if defendants competed with "the business sold by the Sellers to the Buyer." It will be for the trial court to determine whether the parties intended this phrase to encompass Wolverine only so long as it was owned by plaintiff or whether they intended it to encompass Wolverine no matter who subsequently owned the business as well as any other factual matters.