LEITE v DOW CHEMICAL COMPANY

Docket No. 109082. Submitted November 15, 1989, at Lansing. De-
cided July 2, 1990. Leave to appeal applied for.

Stephen Leite, a vice president of Pollen Nation Apiaries, Inc.,
conceived the idea of raising laboratory rabbits for Dow Chemi-
cal Company and Dow Corning Corporation. When the facilities
for raising the rabbits were ready, representatives from Dow
Chemical and Dow Corning were invited to an open house, the
invitations being printed on Pollen Nation Apiaries, Inc., sta-
tionary. Several rabbits were later delivered to Dow Chemical
and Dow Corning for health evaluations, accompanied by in-
voices with the heading "Pollen Nation Apiaries, Inc., Rabbitry
Division." Both Dow Chemical and Dow Corning declined to
purchase further rabbits. Stephen Leite commenced a breach of
contract action in Saginaw Circuit Court against Dow Chemical
and Dow Corning. Dow Chemical filed a timely answer and
Dow Corning filed an answer some time later after a default
had been entered. Neither answer claimed that Stephen Leite
was not a real party in interest or that he lacked capacity to
sue. An amended complaint was filed, adding Eileen Leite as a
plaintiff and a second count based on a claim of false or
reckless representations by defendants. Dow Corning raised the
defense of real party in interest in its answer to the amended
complaint, although Dow Chemical raised no such affirmative
offense. Defendants both moved for summary disposition on the
basis that plaintiffs were not real parties in interest. The trial
court, Robert S. Gilbert, J., granted the motion. Following a
denial of their motion for reconsideration, plaintiffs appealed.

The Court of Appeals held:

The defense of real party in interest is a defense relating to
capacity to sue and is controlled by the subsection of the
summary disposition court rule governing the defense of capac-
ity to sue. The defense of capacity to sue must be raised in the
first responsive pleading or it is waived. Since neither defen-

REFERENCES

Am Jur 2d, Parties §§ 241, 245, 247.
See the Index to Annotations under Estoppel and Waiver; Parties;
Real Party in Interest.

dant raised that defense in its first responsive pleading, the defense was waived and summary disposition in favor of each defendant was improperly granted.

Reversed and remanded.

GRIFFIN, J., concurred in part. He would hold that the real-party-in-interest defense is controlled by the other-disability provision of the summary disposition court rule and that such defense must also be pled in the first responsive pleading. He would hold that Dow Chemical failed to timely plead the defense, but that Dow Corning's timely filing of its answer to the amended complaint raising that defense related back to the filing of its original answer and thus preserved that defense. He would hold that Dow Chemical waived the defense and reversal is proper, but that Dow Corning preserved the defense and summary disposition in its favor was proper.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — LACK OF CAPACITY TO SUE — WAIVER OF DEFENSE.

The defense of lack of capacity to sue is a defense which must be raised in a defendant's first responsive pleading; failure to do so waives the right to raise the defense thereafter (MCR 2.116[C] [5],[D][2]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — REAL PARTIES IN INTEREST — COURT RULES.

The defense that the plaintiff is not the real party in interest is a defense challenging the capacity of the plaintiff to sue; a motion for summary disposition on the basis of the defense that the plaintiff is not a real party in interest is controlled by the provisions of the summary disposition court rule relating to the defense of capacity to sue (MCR 2.116[C][5],[D][2]).

*Peacock, Fordney, Cady, Ingleson & Prince, P.C.* (by *Victor J. Mastromarco, Jr.*), for plaintiffs.

*Peter Jennings* and *Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Scott C. Strattard*), for Dow Chemical Company.

*Chasnis, Dogger & Grierson, P.C.* (by *Mark Grierson*), for Dow Corning Corporation.

Before: McDONALD, P.J., and HOOD and GRIFFIN, JJ.

McDONALD, P.J. Plaintiffs appeal as of right from a January 11, 1988, order granting both defendant Dow Chemical Company's and defendant Dow Corning Corporation's motions for summary disposition in this action alleging breach of promise and from a May 13, 1988, order denying reconsideration. We reverse.

This dispute arose when defendants refused to execute an alleged agreement to purchase laboratory rabbits from plaintiffs. Plaintiff Stephen Leite was the vice president of a small corporation known as Pollen Nation Apiaries, Inc. (PNA), which was formally organized by Leite and the corporation's president, Bob Dodge, for the purpose of raising bee colonies. When Leite conceived the idea to begin a rabbit farm to supply laboratory rabbits to defendants, Dodge contributed start-up capital for the construction of a rabbit facility. When construction of the facility was close to completion, Leite held an open house, inviting representatives from both defendant companies. The invitations were printed on PNA stationary. Sometime later Leite delivered several rabbits to each defendant for health evaluations. The invoices for the same were from Pollen Nation Apiaries, Inc., Rabbitry Division. When both defendants declined to purchase further rabbits, Stephen Leite filed suit alleging defendants breached agreements to test and purchase rabbits. Although defendant Dow Chemical answered Leite's August 9, 1984, complaint, defendant Dow Corning failed to file an answer until February 3, 1986, following entry of an order of default. Although both defendants knew of the existence of PNA, neither answer asserted plaintiff Stephen Leite was not a real party in interest and that he lacked capacity to sue.

The original complaint was thereafter amended

to add Eileen Leite as plaintiff and a second count alleging plaintiffs relied on false or reckless representations made by defendants.[1] At no time was PNA named as a party to this suit.

In an order dated January 11, 1988, the trial court granted each defendant's motion for summary disposition, finding plaintiffs were not the real party in interest.

On appeal plaintiffs claim the trial court erred in granting summary disposition, asserting there exists a question of fact as to whether plaintiffs are the real party in interest and that defendants' failure to timely raise the question of capacity to sue in their responsive pleadings constitutes a waiver of said defense. We agree that defendants have waived the right to assert lack of capacity to sue as a defense by failing to raise the same in their first responsive pleadings. MCR 2.116(C)(5), (D)(2); MCR 2.111(F)(3); *Huntington Woods v Ajax Paving Industries, Inc,* 177 Mich App 351; 441 NW2d 99 (1989).

Defendant Dow Chemical contends its motion for summary disposition, framed as a motion under MCR 2.116(C)(10), relies solely on the real-party-in-interest rule, MCR 2.201(B), and does not involve the lack-of-capacity defense governed by MCR 2.116(C)(5), (D)(2).[2] At the hearing at the motion for reconsideration defendant Dow Chemical proffered

[1] Although defendant Dow Corning asserted the real-party-in-interest defense in its answer to plaintiffs' amended complaint, contrary to Judge GRIFFIN's position, we do not believe MCR 2.118(D) relates to answers to amended pleadings, but rather to the amended pleadings themselves. At no time did the trial court authorize defendant Dow Corning to file an amended answer to plaintiffs' original complaint, the answer thereto being the one in which defendant was required to assert the defense.

[2] MCR 2.201(B) reads in part:

> Real Party in Interest. An action must be prosecuted in the name of the real party in interest subject to the following provisions . . . .

MCR 2.116(C) reads in part:

its position that reference to lack of capacity in Rule 2.116(C)(5) concerns a person's status as a minor or mental incompetent and thus is inapplicable to the instant claim. Dow Chemical cites to Rule 2.201 and its individual subsections entitled "Real-Party-in-Interest" and "Capacity to Sue" as support for its contention that the real-party-in-interest rule is separate and distinct from the capacity-to-sue concept. We are unpersuaded. Had the framers of the court rules intended MCR 2.116(C)(5) (summary disposition based on the lack of legal capacity to sue) to apply only to cases involving infancy or some type of mental disability, they would not have duplicated the same grounds for summary disposition in subsection (7) of the same rule. See *Rite-Way Refuse Disposal, Inc v VanderPloeg,* 161 Mich App 274; 409 NW2d 804 (1987), and *Rogan v Morton,* 167 Mich App 483; 423 NW2d 237 (1988), for cases wherein MCR 2.116(C)(5) is employed in instances where infancy or mental disability is not at issue.

We believe MCR 2.116(C)(5) is the proper vehicle to utilize when seeking summary disposition based on a claim that a party is not the real party in interest. Therefore, as previously indicated the defendants' failure to raise this defense in their responsive pleading precludes assertion of the same by motion.

---

Grounds. The motion [for summary disposition] may be based on one or more of these grounds, and must specify the grounds on which it is based:

\* \* \*

(5) The party asserting the claim lacks the legal capacity to sue.

MCR 2.116(D) reads in part:

Time to Raise Defenses and Objections. The grounds listed in subrule (C) must be raised as follows:

\* \* \*

(2) The grounds listed in subrule (C)(5), (6), and (7) must be raised not later than a party's responsive pleading.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY GRIFFIN, J.

Reversed and remanded for further proceedings.

HOOD, J., concurred.

GRIFFIN, J. *(concurring in part and dissenting in part)*. I agree with the lower court that the plaintiffs are not the real parties in interest to this action and that there is no genuine issue of material fact as to this issue. I also agree with the majority that the real-party-in-interest defense[1] is an affirmative defense which is deemed waived if not asserted by a defendant in its answer. MCR 2.111(F)(3).[2] I, however, view the real-party-in-interest defense as falling within the scope of MCR 2.116(C)(7),[3] not MCR 2.116(C)(5).[4] Although plain-

[1] MCR 2.201(B) in pertinent part states:
Real Party in Interest. An action must be prosecuted in the name of the real party in interest, subject to the following provisions . . . .

[2] MCR 2.111(F)(3) in pertinent part states:
(F) Defenses; Requirement That Defense Be Pleaded.

* * *

(3) Affirmative Defenses. Affirmative defenses must be stated in a party's responsive pleading. Under a separate and distinct heading, a party must state the facts constituting
(a) an affirmative defense, such as contributory negligence; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;
(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;
(c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

[3] MCR 2.116(C)(7) in pertinent part states:
The claim is barred because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action.

[4] MCR 2.116(C)(5) in pertinent part states:
The party asserting the claim lacks the legal capacity to sue.

tiffs possessed the legal capacity to sue the defendants, they were nevertheless barred from recovery because they were not the real parties in interest to the action.

In the instant case, defendant Dow Corning in its answer[5] to plaintiffs' amended complaint asserted the real-party-in-interest defense as an affirmative defense. Defendant Dow Chemical, however, never raised the real-party-in-interest defense in its pleadings. Accordingly, I would hold that by operation of MCR 2.116(D)(2)[6] the real-party-in-interest defense has been waived by Dow Chemical but not by Dow Corning. Accordingly, I would affirm as to Dow Corning but reverse as to Dow Chemical.

---

[5] Plaintiffs below did not object to Dow Corning's answer to the amended complaint. By operation of MCR 2.118(D) the amended answer relates to the date of the original responsive pleading filed by Dow Corning and thereby preserves the affirmative defense. Also see *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), *Harris v Lapeer Public School System,* 114 Mich App 107; 318 NW2d 621 (1982), and *Farmers Ins Group v Clear,* 94 Mich App 655; 290 NW2d 51 (1980).

[6] MCR 2.116(D) in pertinent part states:
Time To Raise Defenses and Objections. The grounds listed in subrule (C) must be raised as follows:

*   *   *

(2) The grounds listed in subrule (C)(5), (6), and (7) must be raised not later than a party's responsive pleading.