# STATE OF MICHIGAN

# COURT OF APPEALS

VALERIA TOSTIGE,

Plaintiff-Appellant,

v

MARK RAGSDALE, Individually and as
Successor Trustee of the GLADYS RAGSDALE
TRUST,

Defendants-Appellees.

UNPUBLISHED
December 19, 2017

No. 334094
Wayne Probate Court
LC No. 15-813276-CZ

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying her motion for partial summary disposition under MCR 2.116(C)(9) and (C)(10) and granting summary disposition to defendants pursuant to MCR 2.116(I)(2) (judgment for opposing party) in this action alleging fraud and breach of fiduciary duty. We affirm in part, reverse in part, and remand.

This case arises from a loan and resulting collection actions. In 2006, Gladys Ragsdale (Gladys) loaned plaintiff, her daughter, $40,000 at 8% interest to purchase a restaurant. From 2006 until 2008, plaintiff made monthly payments on the loan totaling $7,200. Thereafter, plaintiff had business troubles, was "unable to maintain the monthly payments on the note," and so ceased all payment on the loan.

While plaintiff was making payments on the loan, Gladys established the Gladys Ragsdale Trust. When established, the Trust consisted of "the initial corpus of one hundred dollars ($100.00) and all assets listed in the Assignment of Personal Property to Trustees and related Schedule A." The assignment of personal property provision stated that "Grantor assigns and transfers to the Trustee all of the Grantor's right, title, and interest in and to all of the Grantor's tangible personal property, and additionally, all other property listed on the attached Schedule." The attached Schedule included three pieces of real property. Upon Gladys's death, the Trust directed the remainder of the Trust estate be distributed in equal shares to Gladys's five children.

Gladys was the Trustee when the Trust was established and Gladys's son Mark was listed as the Successor Trustee. The Trust specified that at "[t]he establishment of a Guardianship or Conservatorship of the Trustee, whether it is of the Estate or the Person, shall cause the

-1-

trusteeship of such individual to terminate and to pass to the successor Trustee." The Trust provided the Trustee with power to commence or defend litigation "with respect to the trust or any property of the trust estate as the Trustee may deem advisable" and provided that the Trustee "shall act at all times in his or her fiduciary capacity."

Gladys became mentally incapacitated in 2009, making Mark the Trustee of the Trust. Mark also became Gladys's "attorney in fact pursuant to a separate General Durable Power of Attorney" giving him "general fiduciary power, duty and obligation to bring or defend actions to protect [Gladys's] individual assets or the trust assets." On May 1, 2012, Mark filed a complaint, asserting that plaintiff failed to make payments on the loan and seeking $40,781 plus accrued interest. That case was eventually dismissed without prejudice. On May 9, 2012, Mark filed a complaint on behalf of the Trust making the same allegations and seeking the same damages. That cased was also eventually dismissed without prejudice.

In September 2012, Mark filed another complaint on behalf of the Trust against plaintiff. The complaint asserted that: (1) Mark was the Successor Trustee of the Gladys Ragsdale Trust, (2) Gladys was mentally incapacitated, (3) Gladys was the "grantor to the Trust and had assigned rights to all personal assets to the trust prior to the filing of this action," (4) and plaintiff had breached the loan agreement by failing to make payments on the loan. The complaint sought $40,781, plus accrued interest and attorney fees. Plaintiff failed to answer or respond to the complaint. Accordingly, a default judgment was entered against plaintiff for $62,671.

Plaintiff did not move to set aside the default judgment. Instead, plaintiff filed for bankruptcy in an effort to have the default judgment debt discharged. During the bankruptcy proceedings, plaintiff argued that the default judgment should be set aside because it was procured by fraud on the court. The bankruptcy judge refrained from deciding whether fraud was committed. In October 2015, plaintiff petitioned for relief from the default judgment in an existing related Trust proceeding. Because the default judgment against plaintiff had not been entered in that case, the petition was adjourned and eventually withdrawn.

Finally, in December 2015, plaintiff filed a complaint against Mark and the Trust. The complaint alleged that the default judgment entered against her for $62,671 had been procured by fraud as Mark had made several misrepresentations in the complaint that resulted in the default judgment. Specifically, plaintiff asserted that Mark had misrepresented to the court that: (1) Gladys had assigned all of her personal assets to the Trust, when Gladys had only ever assigned intangible property to the Trust, (2) the Trust was a proper party to the collection action, when only Gladys had an interest in the promissory note, (3) plaintiff had failed to pay the entire loan, when in fact she had made payments totaling $7,200, and (4) the Trust had suffered damages as a result of plaintiff's nonpayment, which was untrue as the promissory note was not an asset of the Trust. Based on these alleged misrepresentations, plaintiff made claims against Mark and the Trust for breach of fiduciary duty and fraud and asked the court to vacate the default judgment against her.

In defendants' answer to the complaint, defendants denied that Gladys failed to assign her intangible assets, including the promissory note at issue, to the Trust, denied making any misrepresentations to the court in their complaint, and denied that the default judgment entered against plaintiff had been procured by fraud. Thereafter, plaintiff filed a motion for partial

summary disposition pursuant to MCR 2.116(C)(9) and (C)(10). Plaintiff alleged that summary disposition was appropriate on her fraud claim as defendants failed to produce any evidence indicating that the Trust was a proper party to the prior suit that resulted in the default judgment against plaintiff as they failed to produce evidence that Gladys had ever assigned intangible property or her rights to the promissory note to the Trust. Defendants answered plaintiff's motion for partial summary disposition, arguing that fraud had not been established because "at best" there was just a disagreement regarding the interpretation of the Trust's assignment provision and plaintiff's suit was simply a "desperate attempt to get from under the amount she legally owes."

A hearing on the motion was held at which plaintiff reiterated her claim that in the previous action defendants had misrepresented to the court that Gladys assigned her interest in the promissory note, or an interest in any intangible property, to the Trust. Based on this alleged fraud in procuring the default judgment against her, plaintiff asked the court to use its "equitable powers" to set aside the default judgment. The trial court noted that plaintiff had appeared at the hearing where the default judgment was entered against her and had admitted to the debt and offered the restaurant to satisfy the debt. The trial court questioned plaintiff's attorney regarding plaintiff's failure to answer that complaint prior to default or make these fraud allegations as a defense in that action or in a prompt motion to set aside the judgment. Plaintiff's attorney asserted that plaintiff was a person of limited means, had not been represented by counsel, did not fully understand the previous proceedings, and believed that her bankruptcy attorney could discharge the debt, making it unnecessary to hire a separate attorney to file a motion to set aside the default judgment. Defendants' attorney stated that the "promissory note itself is tangible personal property, it's a piece of paper," but also asserted that "regardless of the assignment" Mark was entitled to institute the action that resulted in the default judgment against plaintiff as the result Gladys's incapacitation. The court then indicated that it would take the matter under advisement.

Thereafter, the court issued a written opinion and order.[1] In its opinion, the court noted that "[t]he instant Complaint alleging fraud on the court is premised almost entirely upon the proposition that the default judgment entered against [plaintiff] in 2013 must be set aside because the Promissory Note sued upon in the underlying action was not an asset of the Gladys Ragsdale Trust." The court found that a demand for the repayment of a loan is "an item of intangible personal property" and stated:

> As to the matter of the validity of the assignment of the Promissory Note, the Court agrees with the defendant that the actions of the Successor Trustee under the totality of the circumstances do not rise to the level of fraud on the court as a matter of law. Even if Plaintiff is correct in h[er] interpretation of this assignment, and it applies only to tangible personal property, there is still a

---

[1] The trial court eventually entered an amended opinion and order "to clarify that the Court's earlier Opinion . . . was intended as a final Order and was to apply in favor of both Defendant trust and Defendant trustee Mark Ragsdale, individually, as well."

question as to whether under the logic of [*In re Beatrice Rottenberg Living Trust*, 300 Mich App 339; 833 NW2d 384 (2013)], the chose of action to collect this debt became an asset of the trust upon [Gladys's] incapacitation, for which Mark [] as both Successor Trustee of the Trust and power of attorney over [Gladys's] personal assets, would have had a fiduciary obligation to protect.

Thus, the trial court concluded that plaintiff could not establish the elements necessary to seek relief from a judgment in an independent action. Specifically, the court indicated that the judgment could, in equity and good conscience, be enforced and plaintiff did not have a valid defense to the alleged cause of action on which the judgment is founded, because "[a]s argued by the Defendant/trust, this Court finds that Plaintiff's allegations of fraud in the instant action are nothing but a disagreement with Defendants' position on the validity of the assignment. The Plaintiff presents no specific evidence that defendant lied to the trial court or concealed information." Further, the court found that: (1) no fraud, accident, or mistake had prevented plaintiff from answering the original complaint or filing a dispositive motion detailing her defense, (2) only plaintiff was negligent in failing to answer the complaint, and (3) plaintiff had an adequate remedy at law because she could have just answered the complaint in the original action. Accordingly, the trial court denied plaintiff's motion for partial summary disposition. Further, "under the totality of the circumstances in this case," the court found that summary disposition to defendant was warranted.

On appeal, plaintiff argues that the trial court erred in granting summary disposition to defendants on plaintiff's fraud claim. MCR 2.116(I)(2) provides that,"[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." "Under this rule, a trial court has authority to grant summary disposition sua sponte, as long as one of the two conditions in the rule is satisfied." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). A trial court's grant of summary disposition under MCR 2.116(I) is reviewed de novo. *Kenefick v City of Battle Creek*, 284 Mich App 653, 654; 774 NW2d 925 (2009).

MCR 2.612(C) provides the procedure a party must employ in order to obtain relief from judgment. Generally, a motion for relief from judgment "must be made within a reasonable time, . . . within one year after the judgment . . . was entered." MCR 2.612(C)(2). However, MCR 2.612(C)(3) pertains, in part, to "an independent action" seeking to "set aside a judgment for fraud on the court," and the time constraints of MCR 2.612(C)(2) do not apply to independent actions for fraud. *Kiefer v Kiefer*, 212 Mich App 176, 182; 536 NW2d 873 (1995). "[T]o be entitled to relief from a judgment in an independent equitable action," a party must establish the following five elements:

(1) the judgment is one that ought not, in equity and good conscience, be enforced, (2) there is a valid defense to the alleged cause of action on which the judgment is founded, (3) fraud, accident, or mistake prevented the defendant from obtaining the benefit of the defense, (4) there was no negligence or fault on the part of the defendant, and (5) there is no adequate remedy available at law. [*Trost v Buckstop Lure Co, Inc*, 249 Mich App 580, 589; 644 NW2d 54 (2002) (citations omitted).]

Applying the five *Trost* elements to the facts at issue, plaintiff fails to establish entitlement to relief from the default judgment in an independent equitable action. As to the first element, "[a] fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." *Matley v Matley*, 242 Mich App 100, 101-102; 617 NW2d 718 (2000) (internal quotations and citation omitted). In their complaint, defendants specifically stated that Gladys was the "grantor to the Trust and had assigned rights to all personal assets to the trust prior to the filing of this action." However, "[t]he right to demand repayment of a loan or debt is . . . an item of intangible personal property," *In re Beatrice Rottenberg Living Trust*, 300 Mich App at 357, and the Trust documents clearly indicate that Gladys only assigned tangible personal property to the Trust.[2] Accordingly, defendants made a material misrepresentation in the complaint and the default judgment, therefore, ought not to, in equity and good conscience, be enforced. Similarly, as to the second *Trost* element, plaintiff had a valid defense to the alleged cause of action on which the judgment was founded as neither plaintiff listed on the complaint, Mark or the Trust, owned an interest in the promissory note.[3]

Plaintiff could also arguably establish the third *Trost* element, as plaintiff claims that only defendants had access to the Trust documents at the time of the original action and that defendants, contrary to the requirement in MCR 2.113(F)(1), fraudulently failed to attach the Trust documents and assignment provision to the original complaint. Because of this alleged fraud, plaintiff was unaware that Gladys had not assigned her interest in the promissory note to the Trust, preventing plaintiff from obtaining the benefit of the defense. Plaintiff can also establish the fifth *Trost* element, as she had no available alternative remedy upon which to challenge the default judgment as she did not learn that the assignment of property to the Trust was of only tangible property until her bankruptcy proceedings when her ability to "file a motion to set aside the default judgment, file a motion for relief from judgment, or file an appeal to this Court had long expired."

However, plaintiff cannot establish the fourth *Trost* element as there is no evidence disproving her own negligence. When the complaint was filed without the attachment of the necessary documents, plaintiff could easily have sought discovery of the Trust documents which formed the basis of defendants' complaint, which would have promptly led to her discovery of the limits of the assignment provision. Instead, plaintiff wholly neglected to defend or respond

---

[2] The assignment of personal property provision in the Trust stated that "Grantor assigns and transfers to the Trustee all of the Grantor's right, title, and interest *in and to all of the Grantor's tangible personal property*, and additionally, all other property listed on the attached Schedule." The attached Schedule only included three pieces of real property.

[3] See *Parker v Baldwin*, 216 Mich 472, 474; 185 NW 746 (1921) (a promissory note is defined as "a written unconditional promise by one person to pay to another person therein . . . a fixed sum of money."); *In re Beatrice Rottenberg Living Tr*, 300 Mich App at 356, quoting *Rite-Way Refuse Disposal, Inc v Vanderploeg*, 161 Mich App 274, 278; 409 NW2d 804 (1987) ("The real-party-in-interest rule 'requir[es] that the claim be prosecuted by the party who by the substantive law in question owns the claim asserted . . . .' ").

to the complaint. While plaintiff claims that she was of limited means and not represented by counsel during the proceedings, plaintiff hired an attorney to represent her in the bankruptcy proceedings that were filed one day after the default judgment was entered against her. At that point, plaintiff and her attorney again failed to assert minimum diligence in obtaining the Trust documents or otherwise discover the limits of the assignment provision until more than two years later. Thus, there was negligence or fault on the part of plaintiff. Accordingly, plaintiff failed to establish entitlement to relief from the default judgment in an independent equitable action, defendants were entitled to judgment as a matter of law on plaintiff's fraud claim, and the trial court did not err in granting summary disposition to defendants on plaintiff's fraud claim.

Plaintiff also argues that the trial court erred in sua sponte granting summary disposition to defendants on plaintiff's breach of fiduciary duty claim. Plaintiff's claim is essentially a claim of a due process error. A due process claim must be raised in the trial court to be preserved for appellate review. See, e.g., *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 192-193; 740 NW2d 678 (2007) ("Plaintiff did not assert a due process claim below; therefore, this issue is unpreserved") (citation omitted). Because plaintiff did not raise a due process claim in the trial court, this issue is unpreserved. " 'Whether a party has been afforded due process is a question of law' " that is generally subject to de novo review. *Al-Maliki*, 286 Mich App at 485, quoting *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005). However, unpreserved constitutional issues are reviewed for plain error affecting substantial rights. *Bay Co Prosecutor*, 276 Mich App at 192-193.

Due process requires fundamental fairness, which in civil cases includes "notice of the proceeding and a meaningful opportunity to be heard." *Al-Maliki*, 286 Mich App at 485. Due process can be satisfied when a court sua sponte considers an issue, "by affording a party with an opportunity for rehearing." *Id*. at 486, citing *Paschke v Retool Industries (On Rehearing)*, 198 Mich App 702, 706; 499 NW2d 453 (1993), rev'd on other grounds 445 Mich 502 (1994). MCR 2.119(F) provides trial courts with the discretion to grant a motion for rehearing or reconsideration. The trial court may even exercise its discretion to give a party a second chance on a previously denied motion. *Al-Maliki*, 286 Mich App at 486, citing *Kokx v Bylenga*, 241 Mich App 655, 659; 617 NW2d 368 (2000). Further, any error by a trial court in sua sponte granting summary disposition without providing a party an adequate opportunity to brief an issue may be harmless under MCR 2.613(A), "if the party fully briefed and presented the argument in a motion for reconsideration." *Id*.

In this case, plaintiff's breach of fiduciary duty claim was considered sua sponte by the trial court, as the claim was not included in plaintiff's partial motion for summary disposition and the only arguments in plaintiff's brief in support of her motion related to her fraud claim. Similarly, defendants did not address the breach of fiduciary duty claim in their pleadings and the issue was never addressed during the summary disposition hearing. Thus, the record indicates that plaintiff had no notice that the breach of fiduciary duty claim would be decided in the trial court's opinion.

Further, the trial court did not explain its rationale for granting summary disposition to defendants on the breach of fiduciary duty issue. The court's order simply stated that "under the totality of the circumstances, this Court also finds that Summary Disposition is in fact warranted to both Defendant Trust and Defendant Trustee Mark . . . as the opposing parties pursuant to

MCR 2.116(I)(2) for the reasons and grounds stated in the Court's Opinion." However, the opinion never addressed the breach of fiduciary duty issue. Because the trial court failed to explain the basis for its decision, had plaintiff filed a motion for reconsideration on the issue, she would have been unable to refute the foundation of the trial court's decision. Thus, the trial court did not raise the fiduciary duty issue until it issued its opinion, plaintiff had no opportunity to make any arguments to the court on the issue, and plaintiff was, therefore, not accorded procedural due process on this issue. See *Grimmer v Lee*, 310 Mich App 95, 100; 872 NW2d 725 (2015). Accordingly, we reverse the trial court's grant of summary disposition in favor of defendants on plaintiff's breach of fiduciary duty claim.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.


/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Douglas B. Shapiro