STC, INCORPORATED v DEPARTMENT OF TREASURY

Docket No. 234818. Submitted February 12, 2003, at Detroit. Decided July
       15, 2003, at 9:05 A.M.

       S.T.C., Incorporated, petitioned the Michigan Tax Tribunal for a deter-
           mination that the petitioner was not responsible as a successor
           business under MCL 205.27a for outstanding tax liabilities owed by
           a company whose assets the petitioner purchased. Before the asset
           purchase, the petitioner's president examined the records of the
           selling company, Masteau, Inc., and determined that Masteau was
           current in its payment of estimated quarterly taxes up to the date
           of the purchase, and the petitioner therefore placed no funds in
           escrow to cover any future taxes, interest, or penalties assessed
           against Masteau. The Department of Treasury later notified the
           petitioner that it was responsible as a successor business for the
           tax deficiency owed by Masteau after the department determined it
           could not collect from Masteau. The petitioner alleged that it was
           not responsible for the tax deficiencies because a reasonable inves-
           tigation led it to conclude that Masteau was current in its payment
           up to the date of the asset purchase, that there were no taxes due
           and unpaid at that time, and that there was no need to escrow
           funds under the statute. The hearing referee concluded that the
           petitioner failed to comply with the escrow requirements of MCL
           205.27a, and affirmed the respondent department's notice of assess-
           ment. The tribunal affirmed, concluding that an evaluation of Mas-
           teau's current tax status was insufficient to satisfy the statute
           where a pending final tax return may require additional payment.
           The petitioner appealed.

           The Court of Appeals *held*:

           1. MCL 205.27a(1) requires that a purchaser of a business "shall
       escrow sufficient money to cover the amount of taxes, interest, and
       penalties as may be due and unpaid until the former owner pro-
       duces a receipt . . . showing that the taxes due are paid, or . . . are
       not due." The statute further provides that if a purchaser fails to
       comply with the escrow requirement, the successor purchaser is
       personally liable for the unpaid taxes, interest, and penalties. The
       petitioner's argument that the phrase "as may be due and unpaid"
       refers only to the present tense and creates an obligation on the

part of a purchaser to pay those outstanding tax assessments that are "due and unpaid" only at the time of purchase, and not a time subsequent to the purchase, is without merit. First, Masteau made only estimated quarterly tax payments. A deficiency in an estimated payment constitutes a tax due or a present obligation, and a taxpayer is accountable for any deficiency even though the deficiency is not realized until completion of the final return. MCL 204.23(2). Second, although not defined by statute, when read in context and pursuant to their ordinary meanings, the words "as may be due and unpaid" mean those taxes that are possibly due and unpaid at the present moment or at a future time. Further, the facts show that the petitioner purchased Masteau during the third-quarter tax period, and thus taxes were still accruing for that period and the remainder of the calendar year. The fact that those taxes had not been scheduled for future payment at the time of the purchase does not mean they did not presently exist or were not presently owing.

2. The petitioner's argument that any taxes "as may be due and unpaid" relate only to taxes owed through the date of purchase is without merit because the plain language of MCL 205.27a does not limit the liability of a purchaser on the basis of the timing of the purchase. Rather, the statute clearly mandates that a purchaser escrow funds to cover liabilities until it is determined that the taxes are paid or not due. When a purchaser fails to escrow funds, the purchaser becomes personally liable for the unpaid taxes. Here, the facts established that the petitioner failed to escrow any funds, and therefore the tribunal correctly affirmed the tax liability assessments.

3. The petitioner's argument that MCL 205.27a is unconstitutionally void for vagueness because it fails to provide fair notice fails. There is no evidence that the petitioner or its president failed to comply with the statutory provisions because of an inability to understand the phrase "as may be due and unpaid." Rather, the petitioner's president testified that he reviewed Masteau's records and concluded that the taxes were "current" and that an escrow was not required. The petitioner failed to meet its burden of proof and overcome the presumption of constitutionality.

Affirmed.

*Calligaro & Meyering, P.C.* (by *Clinton Meyering*), for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Gerald A. Whalen*, Assistant Attorney General, for the respondent.

Before: GAGE, P.J., and WILDER and FORT HOOD, JJ.

PER CURIAM. Petitioner, S.T.C., Incorporated, appeals as of right from a decision upholding a successor liability tax assessment levied by respondent, Michigan Department of Treasury, after petitioner purchased a restaurant from Masteau, Inc. We affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

In anticipation of the asset purchase from Masteau, specifically, a McDonald's restaurant located in Livonia, Michigan, petitioner's president and owner, Vasant Chapatwala, reviewed the company's accounting books. In addition to owning several McDonald's restaurants, Chapatwala has a bachelor's degree in accounting and, at one time, was a certified public accountant, although he did not practice. Chapatwala learned that, similar to petitioner's businesses, Masteau paid its taxes quarterly. On the basis of his examination of the records, Chapatwala concluded that Masteau was "current" in its payment of estimated taxes as of August 4, 1993, the date of purchase. It appeared that two quarterly payments for the current fiscal tax year had been paid, and he compared the payments to Masteau's 1992 tax liability. Chapatwala was familiar with the payment of quarterly taxes because he oversaw the tax payments made by petitioner. Although petitioner's financial returns were prepared by an outside accountant, Chapatwala did not ask the accountant to review the financial books and records of the corporations pur-

chased by petitioner. On the basis of his conclusion that the payment of taxes was "current," Chapatwala thought that "it was not necessary to escrow any funds" for any future taxes or penalties that may be assessed against Masteau. Chapatwala did not perform any calculations to determine the accuracy of the estimated payments to avoid potential liability.

Approximately two years after the asset purchase, Masteau filed its 1993 Single Business Tax Return that reflected a balance due of $12,633, but Masteau did not submit payment along with the tax return. During a two-year period, respondent attempted to track Masteau to five different addresses before learning that the responsible party was in Mexico, making collection impossible. In 1997, respondent notified petitioner of responsibility for the tax deficiency, interest, and penalties as a successor business.

Chapatwala filed a petition with the Michigan Tax Tribunal, seeking a determination that petitioner was not responsible for the tax obligations of Masteau. The petition alleged that reasonable investigation led to the conclusion that there were no outstanding tax liabilities at the time of purchase and that a certificate of tax clearance would have issued had one been requested. Ultimately, petitioner's theory of the case[1] was that it was not required, pursuant to MCL 205.27a(1), to escrow sufficient funds to cover the tax liabilities of its predecessor business because Mas-

---

[1] Throughout the course of the proceedings below, petitioner modified its position ·regarding the tax liability. The petition initially filed by Chapatwala alleged that petitioner's reasonable investigation disclosed that petitioner was not responsible. After petitioner retained counsel, the theory of the case focused on the statutory language. On appeal, petitioner challenges the constitutionality of the language of the statute, although that argument was not preserved below.

teau did not have taxes "due and unpaid" at the time petitioner reviewed Masteau's books. Respondent's theory of the case was that petitioner was liable for Masteau's tax, interest, and penalties because petitioner failed to protect itself from liability by establishing an escrow account for the taxes or by obtaining a tax clearance certificate. Following a hearing before a hearing referee, the notice of assessment against petitioner based on successor liability was affirmed. The referee concluded that petitioner did not comply with the statutory requirements to insulate itself from potential liability. Petitioner filed objections to the proposed findings of fact and conclusions of law affirming the assessment, alleging that an amendment of the statute incorporating a change in tense of the terms utilized precluded successor liability. The tribunal rejected this newly raised argument and concluded that an evaluation of the current tax status was insufficient to satisfy the statute where a pending final return may require additional payment.

## II. ANALYSIS

This case involves interpretation of MCL 205.27a(1) of the Michigan Revenue Code regarding single business successor tax liability assessments. Petitioner alleges that the tribunal misinterpreted the language of MCL 205.27a(1) and erroneously concluded that petitioner failed to comply with the escrow requirement of the statute. In the absence of allegations of fraud, appellate review of a decision by the tribunal is limited to determining whether the tribunal committed an error of law or adopted a wrong legal principle. *Michigan Milk Producers Ass'n v Dep't of Trea-*

*sury*, 242 Mich App 486, 490; 618 NW2d 917 (2000). Factual findings by the tribunal will not be disturbed if they are supported by competent, material, and substantial evidence on the whole record. *Id.* at 490-491.

Issues of statutory construction present questions of law we review de novo. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). This determination is accomplished by examining the plain language of the statute itself. *Id.* If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed, and further judicial construction is neither permitted nor required. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). When a term is not defined in the statute, it is appropriate to consult dictionary definitions to determine the meaning of the term. *Peters v Gunnell, Inc*, 253 Mich App 211, 220; 655 NW2d 582 (2002). Deference is generally given to the tribunal's interpretation of a statute that it is charged with administering and enforcing. *Michigan Milk Producers, supra.*

MCL 205.27a(1), as amended, provides:

> If a person liable for a tax administered under this act sells out his or her business or its stock of goods or quits the business, the person shall make a final return within 15 days after the date of selling or quitting the business. The purchaser or succeeding purchasers, if any, who purchase a going or closed business or its stock of goods *shall escrow sufficient money to cover the amount of taxes, interest, and penalties as may be due and unpaid until the former*

*owner produces a receipt from the state treasurer or the
state treasurer's designated representative showing that
the taxes due are paid, or a certificate stating that taxes
are not due.* Upon the owner's written waiver of confidenti-
ality, the department may release to a purchaser a busi-
ness's known tax liability for the purposes of establishing
an escrow account for the payment of taxes. *If the pur-
chaser or succeeding purchasers of a business or its stock
of goods fail to comply with the escrow requirements of
this subsection, the purchaser is personally liable for the
payment of the taxes, interest, and penalties accrued and
unpaid by the business of the former owner.* The pur-
chaser's or succeeding purchaser's personal liability is lim-
ited to the fair market value of the business less the amount
of any proceeds that are applied to balances due on
secured interests that are superior to the lien provided for
in section 29(1). [Emphasis added.]

Petitioner argues that the phrase "as may be due and
unpaid" refers only to the present tense and creates
an obligation on the part of a purchaser to pay those
outstanding tax assessments that are "due and
unpaid" only at the time of the purchase, and not at a
time subsequent to the purchase. As an initial matter,
we note that petitioner ignores the nature of the tax
payments made by Masteau. As noted by Chapatwala
during the administrative hearing and by the tribunal
in rendering its decision, the quarterly tax payments
were merely *estimates* of the tax due and owing.
Therefore, while a seller may estimate and make pay-
ments in accordance with the estimates, additional
payment may be due pending the completion of a
final return. Indeed, MCL 205.23(2) provides, in rele-
vant part, "[a] deficiency in an estimated payment as
may be required by a tax statute administered under
this act shall be treated in the same manner as a *tax
due* and shall be subject to the same current monthly

interest rate of 1 percentage point above the adjusted prime rate per annum from the time the payment was due, until paid." (Emphasis added.) Based on the plain language of the revenue code, *In re MCI, supra*, a deficiency in an estimated tax payment is characterized as a "tax due" or present obligation, and a taxpayer is held accountable for any tax deficiency, interest, and penalties even though the deficiency is not realized until completion of the final return.

Despite the statutory provision confirming that a tax deficiency based on estimated payments constitutes a tax due, we will nonetheless address petitioner's interpretation of MCL 205.27a. Here, the words contested by petitioner are not defined by statute, requiring examination of dictionary definitions. *Peters, supra.* The term "may be" is equivalent to "possibly, perhaps, by chance." *Mull v Equitable Life Assurance Society of the United States*, 444 Mich 508, 519; 510 NW2d 184 (1994). According to *Random House Webster's Unabridged Dictionary* (2d ed 1998), p 1509, the word "possibly" means "perhaps; maybe," "in a possible manner," or "by any possibility." "Possibility" means "something possible." *Id.* "Possible" means "that may or can be, exist, happen." *Id.* The word "due" means "owing or owed, irrespective of whether the time of payment has arrived." *Id.* at 603-604. It also means "something that is due, owed or naturally belongs to someone." *Id.* at 604. Thus, by definition, the phrase "as may be due and unpaid" connotes both present and future.

Accordingly, the words "as may be due and unpaid," when read in the context of the statutory sentence, mean those taxes that are possibly due and unpaid at the present moment or at a future moment.

Further, the facts in this case show that petitioner purchased the business during the third-quarter tax period, not at the conclusion of the calendar year. Chapatwala testified that he merely determined that payments made by Masteau were "current." He did not perform any calculation to determine whether the estimated payments would result in a deficiency. Although Chapatwala retained an outside accountant to file the tax returns for petitioner, Chapatwala did not ask his accountant to examine Masteau's records. There was no inquiry regarding any taxes that may have accrued during the period immediately preceding the purchase. At the time of purchase, taxes were still accruing for the third-quarter period. The fact that those taxes had not been scheduled for future payment at the time of purchase does not mean that they did not presently exist or that they were not presently owing. Thus, petitioner's interpretation of the statutory language, that no obligation exists for those taxes and penalties that may exist in the future, is strained and without merit.

Additionally, there is no merit to petitioner's allegation that any taxes "as may be due and unpaid" relate only to taxes owed through the date of purchase. A proviso restricts the operative effect of statutory language to less than what its scope of operation would be otherwise. 2A Singer, Sutherland Statutory Construction (6th ed), § 47:08, pp 235-236. Provisos are interpreted in accordance with the general rules of statutory construction. *Id.* The plain language of the statute does not limit or prorate the tax liability of the purchaser to the date of purchase. *In re MCI, supra.* Rather, the purchaser must establish an escrow account to cover taxes, interest, and penalties

*until* the former owner produces proof of payment or obtains certification that taxes are not due. The plain language of the statute does not place limitations on the liability of the purchaser based on the timing of the purchase. *Id.* Instead, the proviso contained in the statute delineates the event that ends the obligation to maintain an escrow account to avoid liability.

A purchaser of an operating business or its assets "shall escrow" sufficient money to cover any taxes, penalties, and interest due and unpaid by the seller to insulate itself from the tax liability of the seller. MCL 205.27a(1). The word "shall" is unambiguous and is used to denote mandatory, rather than discretionary, action. *Roberts v Mecosta Co General Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002). The word "until" means "up to the time that or when." *Random House Webster's Unabridged Dictionary* (2d ed 1998), p 2089. Thus, the clear and unambiguous language of the statute mandates that a purchaser escrow enough funds to cover the taxes, interest, and penalties of the former business owner that may become due and unpaid. This mandatory escrow obligation continues until (1) the former owner produces a receipt from the commissioner showing that the taxes due are paid, or (2) the former owner produces a certificate stating that taxes are not due. MCL 205.27a(1). In the event a purchaser fails to escrow the required funds, a purchaser becomes personally liable for the payment of the unpaid taxes, interest, and penalties accrued and unpaid by the business of the former owner. *Id.* In the instant case, the facts established that petitioner failed to escrow any funds. Therefore, the tribunal correctly affirmed the tax liability assess-

ments that were levied against petitioner. *Michigan Milk Producers, supra.*

Petitioner also asserts that the Legislature intended to create only a present, rather than a future, obligation, as shown by the change in statutory language adopted by the Legislature when it repealed MCL 208.98. However, because the statutory language of MCL 205.27a(1) is clear and unambiguous, the statute will be enforced as written and no further judicial construction is necessary or permitted. *Huggett v Dep't of Natural Resources*, 464 Mich 711, 717; 629 NW2d 915 (2001). Therefore, we will not address petitioner's argument.

Petitioner also alleges that respondent's interpretation of MCL 205.27a violates due process protections. A constitutional challenge to legislation that is not raised and addressed in the record below is not preserved for appellate review. *Petrus v Dickinson Co Bd of Comm'rs*, 184 Mich App 282, 288; 457 NW2d 359 (1990). This issue is not preserved for appellate review because it was not raised and addressed below. *Id.* However, this Court may address unpreserved constitutional questions where no question of fact exists and the interest of justice and judicial economy so dictate. *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 426; 576 NW2d 667 (1998).

The "void for vagueness" doctrine is a derivative of the constitutional guarantee that a state may not deprive a person of life, liberty, or property without due process of law. *Proctor v White Lake Twp Police Dep't*, 248 Mich App 457, 467; 639 NW2d 332 (2001); US Const, Am XIV; Const 1963, art 1, § 17. A claim that a statute is void for vagueness is reviewed de

novo. *Ray Twp v B & BS Gun Club*, 226 Mich App 724, 732; 575 NW2d 63 (1997). A statute may be declared void for vagueness if (1) it is overbroad and infringes First Amendment freedoms, (2) it does not provide fair notice of the conduct it regulates, or (3) it gives the trier of fact unstructured and unlimited discretion in concluding whether the statute has been violated. *Id.* Vagueness challenges that do not involve a challenge to First Amendment freedoms are examined in light of the facts of the particular case. *Id.* There is a presumption that the statute is constitutional, and the party asserting the constitutional challenge has the burden of proof. *McDonald v Grand Traverse Co Election Comm*, 255 Mich App 674, 679-680; 662 NW2d 804 (2003). In determining whether a statute is void for vagueness, the entire text of the statute is examined and the words of the statute are given their ordinary meanings. *Dep't of State v MEA-NEA*, 251 Mich App 110, 116; 650 NW2d 120 (2002). When a statute is challenged on the basis that it fails to provide fair notice, the statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited or required. *Id.* at 117.

In this case, petitioner alleges that the statute fails to provide fair notice. On the basis of facts established through the testimony of Chapatwala, we conclude that petitioner failed to meet its burden of proof. *Ray Twp, supra*; *McDonald, supra*. There is no evidence that Chapatwala failed to comply with the statutory provisions of MCL 205.27a because of his inability to understand the phrase "as may be due and unpaid." Rather, Chapatwala testified that he reviewed the accounting records of Masteau and concluded that taxes were "current." Chapatwala, as a

businessman and an accountant, understood the payment of estimated taxes on a quarterly basis. Yet, he did not analyze the sufficiency of the payments of estimated taxes and the possibility of a deficiency. Although petitioner retained an outside accountant to prepare its tax returns, the accountant was not asked to review the sufficiency of the estimated tax payments. Chapatwala did not testify that the statutory terms at issue on appeal were vague or confusing. Rather, he testified that his actions were reasonable despite the fact that he did not escrow funds or request a certificate of tax clearance from the seller. Accordingly, petitioner failed to meet its burden of proof and overcome the presumption of constitutionality. *McDonald, supra.*

Affirmed.