KENEFICK v CITY OF BATTLE CREEK

Docket No. 282319. Submitted May 6, 2009, at Lansing. Decided May 19, 2009. Approved for publication July 2, 2009, at 9:00 a.m.

John Kenefick brought an action in the Calhoun Circuit Court against the city of Battle Creek, seeking a judgment declaring unconstitutional a Battle Creek ordinance that requires an owner of an abandoned residential structure that poses a potential hazard or danger to persons to pay a monitoring fee. The court, Allen L. Garbrecht, J., dismissed the action, ruling under MCR 2.116(I)(1) that judgment for the defendant was appropriate as a matter of law because the ordinance is not unconstitutionally vague and does not violate the Equal Protection Clause. The plaintiff appealed.

The Court of Appeals *held*:

1. The ordinance is not unconstitutionally vague. It provides fair notice of the conduct it regulates. The ordinance defines "abandoned structure" as a structure that has become "vacant or abandoned." Dictionary definitions of "vacant" and "abandoned" indicate that a residential structure that is left unoccupied, empty, or deserted is subject to the ordinance. Dictionary definitions of "potential," "hazard," and "danger," as used in the ordinance, indicate that a vacant or abandoned structure that poses a risk of peril, harm, or injury, or is a menace, is subject to the monitoring fee. A person of ordinary intelligence would be placed on notice of what the ordinance requires.

2. The ordinance is not void for vagueness on the asserted ground that it allows the defendant to enforce it arbitrarily. The ordinance affords no discretion to the defendant because it provides that any owner of an "abandoned residential structure shall register such propert[y] with the City and pay a monthly administration fee" and the word "shall" indicates mandatory conduct.

3. The ordinance does not violate the Equal Protection Clause on the asserted ground that it singles out owners of residential structures from owners of all other types of structures. The ordinance passes the rational-basis test because the classification it creates is rationally related to the legitimate governmental

purpose of reducing neighborhood blight, reducing crime, and promoting the general health, safety, and welfare of the defendant's residents.

Affirmed.

*Ed Annen, Jr.*, for the plaintiff.

*Barbara A. Hobson*, City Attorney, for the defendant.

Before: K. F. KELLY, P.J., and CAVANAGH and BECKERING, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's dismissal of his complaint for declaratory relief challenging the constitutionality of a Battle Creek city ordinance. The trial court dismissed the complaint pursuant to MCR 2.116(I)(1) after determining that judgment as a matter of law was appropriate because the ordinance is not unconstitutionally vague and does not violate the Equal Protection Clause. We affirm.

We review de novo a trial court's conclusion that a defendant is entitled to judgment as a matter of law under MCR 2.116(I)(1). *Sobiecki v Dep't of Corrections*, 271 Mich App 139, 141; 721 NW2d 229 (2006). Similarly, we review de novo whether an ordinance is unconstitutional. *Van Buren Charter Twp v Garter Belt, Inc*, 258 Mich App 594, 627; 673 NW2d 111 (2003). Pursuant to MCR 2.116(I)(1), "[i]f the pleadings show that a party is entitled to judgment as a matter of law, . . . the court shall render judgment without delay." Judgment as a matter of law is proper when no factual dispute exists and only questions of law are at issue. *Sobiecki, supra* at 141.

Plaintiff first contends that Battle Creek Code of Ordinances, Chapter 1456 (the ordinance) is unconstitutionally vague on its face. "All statutes and ordinances are presumed to be constitutional and are con-

strued so unless their unconstitutionality is clearly apparent." *Houdek v Centerville Twp*, 276 Mich App 568, 573; 741 NW2d 587 (2007). "The party challenging the facial constitutionality of an act must establish that no set of circumstances exists under which the [a]ct would be valid." *Straus v Governor*, 459 Mich 526, 543; 592 NW2d 53 (1999) (quotation marks and citations omitted). An act is void for vagueness if "(1) it is overbroad and impinges on First Amendment freedoms, (2) it does not provide fair notice of the conduct it regulates, or (3) it gives the trier of fact unstructured and unlimited discretion in determining whether the statute has been violated." *Proctor v White Lake Twp Police Dep't*, 248 Mich App 457, 467; 639 NW2d 332 (2001). Plaintiff contends that the ordinance does not provide fair notice of the conduct it regulates and that defendant has unlimited discretion in applying the ordinance.

To provide fair notice, an ordinance "must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited or required." *STC, Inc v Dep't of Treasury*, 257 Mich App 528, 539; 669 NW2d 594 (2003). "The statute cannot use terms that require persons of ordinary intelligence to guess its meaning and differ about its application." *People v Noble*, 238 Mich App 647, 652; 608 NW2d 123 (1999). "A statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Id.*

Here, the ordinance requires "owners of abandoned residential structures" to pay a monitoring fee. The ordinance defines "abandoned structure" as a structure that has become "vacant or abandoned" for a given period and that meets one of 12 enumerated conditions

in the ordinance. One of the enumerated provisions in the ordinance states that any vacant or abandoned structure that poses a "potential hazard or danger to persons" constitutes an "abandoned" structure for purposes of the ordinance. Plaintiff contends that the terms "vacant" and "abandoned" and "potential hazard or danger to persons" are unduly vague.

A review of common dictionary definitions of the words used in the ordinance leads to the conclusion that the ordinance is not unduly vague. See *id.* The word "abandoned" is defined as "forsaken or deserted." *Random House Webster's College Dictionary* (1997). "Vacant" is defined as "having no contents; empty; void . . . having no occupant; unoccupied." *Id.* These definitions indicate that a residential structure that is left unoccupied, empty, or deserted is subject to the provisions of the ordinance.

With regard to the phrase "potential hazard or danger to persons," "potential" is defined as "possible as opposed to actual[;] . . . capable of being or becoming"; "hazard" is defined in part as "something causing danger, peril, risk"; and "danger" is defined as "liability or exposure to harm or injury; risk; peril[;] . . . an instance or cause of peril; menace." *Random House Webster's College Dictionary* (1997). Therefore, the phrase "potential hazard or danger to persons," as used in the ordinance, requires that vacant or abandoned structures that pose a risk of peril, harm or injury, or are a menace, be subject to the monitoring fees. When these common dictionary definitions are viewed in the context of the entire ordinance, the stated purpose of which is to eliminate dangerous and unsightly blight, we conclude that a person of ordinary intelligence would be placed on fair notice of what the ordinance requires. See *STC, Inc, supra.*

Plaintiff also contends the ordinance is void for vagueness because it allows defendant to enforce the ordinance in an arbitrary manner. In determining if an act inappropriately allows for arbitrary enforcement, we examine the act to determine if it "provides standards for enforcing and administering the laws in order to ensure that the enforcement is not arbitrary or discriminatory . . . ." *English v Blue Cross Blue Shield of Michigan*, 263 Mich App 449, 469; 688 NW2d 523 (2004) (quotation marks and citations omitted).

This ordinance does not provide unlimited discretion to defendant. The clear language of the ordinance states that any owner of an "abandoned residential structure *shall* register such propert[y] with the City and pay a monthly administration fee." Battle Creek Code of Ordinances, Chapter 1456, § 3 (emphasis added). Defendant does not have discretion to apply the monitoring fees to structures that fall within the definition of an "abandoned" or "vacant" structure as the ordinance states that an owner of such structure "shall pay" certain fees. The word "shall" indicates mandatory conduct. *AFSCME v Detroit*, 252 Mich App 293, 311; 652 NW2d 240 (2002). Additionally, there is no evidence on the record suggesting that defendant acts in an arbitrary manner when applying the provisions of the ordinance.

Next, plaintiff contends the ordinance violates the Equal Protection Clause because it singles out owners of residential structures from owners of all other types of structures. In addressing whether a law violates the Equal Protection Clause, a court must determine which level of review applies. *Crego v Coleman*, 463 Mich 248, 259; 615 NW2d 218 (2000). When an ordinance, such as the one here, classifies individuals on the basis of anything other than a suspect class, or a class receiving

heightened scrutiny such as gender or illegitimacy, the ordinance is reviewed under the rational-basis test. *Muskegon Area Rental Ass'n v City of Muskegon*, 465 Mich 456, 464; 636 NW2d 751 (2001). Under this test the legislation is presumed constitutional and "courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose." *Crego, supra* at 259. This Court need only determine if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v Beach Communications, Inc*, 508 US 307, 313; 113 S Ct 2096; 124 L Ed 2d 211 (1993). This finding may be based on "rational speculation unsupported by evidence or empirical data." *Id.* at 316. "[I]n other words, the challenger must 'negative *every conceivable basis* which might support' the legislation." *TIG Ins Co, Inc v Dep't of Treasury*, 464 Mich 548, 557-558; 629 NW2d 402 (2001), quoting *Lehnhausen v Lake Shore Auto Parts Co*, 410 US 356, 364; 93 S Ct 1001; 35 L Ed 2d 351 (1973) (emphasis added).

The ordinance's stated purpose is to overcome the detrimental effects of neighborhood blight and reduce enforcement costs associated with the blight. This Court has held that "protecting and promoting public health, safety, and general welfare are legitimate governmental interests, . . . and protecting aesthetic value is included in the concept of the general welfare." *Norman Corp v City of East Tawas*, 263 Mich App 194, 200-201; 687 NW2d 861 (2004). Thus, the general reduction of blight is undisputedly a legitimate governmental purpose.

The classification is also rationally related to the legitimate governmental purpose of reducing neighborhood blight because there is a "reasonably conceivable state of facts that could provide a rational basis for the

classification." See *FCC, supra* at 313. Defendant could have reasoned that in Battle Creek there are mostly residential structures in areas zoned residential and there are more residences in districts with mixed zoning. Thus, regulating such structures is the most effective way to reduce neighborhood blight with the resources available. Alternatively, defendant could have concluded from past experience that residential structures that become vacant and abandoned pose greater risks of danger to the general health, safety, and welfare of the community because they pose a greater risk for criminal activity. Further, defendant could have reasoned that residential structures are more often located in close proximity to other residential structures and that they therefore have a greater effect on the general health, safety, and welfare of the city's residents.

Although the ordinance offers no reasoning in support of the classification, in enacting the ordinance, defendant was not required to articulate a purpose or rationale in support of the classification. See *Heller v Doe*, 509 US 312, 320; 113 S Ct 2637; 125 L Ed 2d 257 (1993). Moreover, under the rational-basis test, defendant "has no obligation to produce evidence to sustain the rationality of a statutory classification." *Id*. Plaintiff has failed to overcome his substantial burden to "negative *every conceivable basis* which might support" the ordinance. See *Lehnhausen, supra* at 364 (emphasis added).

Affirmed.