*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ADAM DOUGLAS GRANT,

Defendant-Appellant.

FOR PUBLICATION
September 19, 2019
9:00 a.m.

No. 344625
Eaton Circuit Court
LC No. 93-000075-FC

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

MARKEY, J.

Defendant appeals as on leave granted the circuit court's order denying his motion for written approval to make defendant eligible for early parole under MCL 769.12(4). The Parole Board had also previously received a rejection from the court in response to its request to grant defendant early parole. We reverse and remand for further proceedings.

To give context to our discussion of the factual and procedural history of the case, we begin with a brief overview of the law implicated in this matter. MCL 769.12 addresses fourth-offense habitual offenders such as defendant, and this appeal concerns the construction of Subsection (4) of the statute, which provides:

> An offender sentenced under this section or section 10 or 11 of this chapter for an offense other than a major controlled substance offense is not eligible for parole until expiration of the following:

> (a) For a prisoner other than a prisoner subject to disciplinary time, the minimum term fixed by the sentencing judge at the time of sentence unless the sentencing judge or a successor gives written approval for parole at an earlier date authorized by law.

> (b) For a prisoner subject to disciplinary time, the minimum term fixed by the sentencing judge.

-1-

Because the crimes committed by defendant were perpetrated before December 15, 1998, he is not a "prisoner subject to disciplinary time." MCL 791.233c ("As used in this act, 'prisoner subject to disciplinary time' means that term as defined in . . . [MCL] 800.34[.]"); MCL 800.34(5)(a) (A "prisoner subject to disciplinary time" encompasses prisoners sentenced to indeterminate terms of imprisonment for enumerated crimes committed "on or after December 15, 1998[.]"); *Hayes v Parole Bd*, 312 Mich App 774, 779 n 1; 886 NW2d 725 (2015). Accordingly, Subsection (4)(a) of MCL 769.12 governs, as opposed to Subsection (4)(b).[1]

We now turn to the facts of the case. In 1993, defendant was convicted by a jury of bank robbery, MCL 750.531, conspiracy to commit bank robbery, MCL 750.157a; MCL 750.531, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 27 to 50 years for the bank robbery and conspiracy convictions, preceded by a consecutive two-year sentence for the felony-firearm conviction. And those three sentences were to be served consecutively to a sentence that defendant was already serving. Defendant's convictions and sentences were affirmed by this Court on appeal. *People v Grant*, unpublished per curiam opinion of the Court of Appeals, issued February 14, 1997 (Docket No. 167327). Our Supreme Court then denied defendant's application for leave to appeal. *People v Grant*, 456 Mich 954; 577 NW2d 687 (1998).

The "calendar minimum date" for defendant's release from prison is June 30, 2022; however, his "net minimum date" for release—defendant's calendar minimum date less disciplinary credits—was December 31, 2017.[2] Accordingly, in December 2017, subject to the "written approval" prerequisite, defendant became eligible for parole under MCL 791.233(1)(b)

---

[1] We note that similar to MCL 769.12(4)(a), MCL 791.233(1)(b) provides, in part, that "a prisoner other than a prisoner subject to disciplinary time is eligible for parole before the expiration of his or her minimum term of imprisonment whenever the sentencing judge, or the judge's successor in office, gives written approval of the parole of the prisoner before the expiration of the minimum term of imprisonment." We shall frame our discussion in terms of MCL 769.12(4)(a) because that is how the case has been presented to us, but the analysis will apply equally to MCL 791.233(1)(b). MCL 791.233 was amended pursuant to 2019 PA 14, effective August 21, 2019. Given its effective date, the amended version of the statute does not apply. Moreover, the amendment has no bearing on the case.

[2] Defendant was sentenced before the enactment of Michigan's truth-in-sentencing statutes, which preclude a prisoner from earning good time and disciplinary credits, and which require a defendant to serve the minimum sentence imposed by a court prior to being eligible for parole. See Deming, *Michigan's Sentencing Guidelines*, 79 Mich B J 652, 653 n 19 (June 2000), citing MCL 791.233, MCL 791.233b, and MCL 800.34. Defendant earned disciplinary credits during his time in prison. See MCL 800.33. As a consequence, defendant was eligible for his parole date to be lowered below his actual minimum sentence, a fact known to the predecessor sentencing judge at the time of defendant's sentencing. It appears that the successor trial judge misapprehended defendant's eligibility for early parole as an "alteration" of defendant's sentence.

and MCL 791.233b(m) and (x).[3]  And the Parole Board acquired jurisdiction pursuant to MCL 791.234(3).[4]  In August 2017, the Parole Board sent a letter to the circuit court indicating that as a result of an interview with defendant, it had an interest in paroling defendant.[5]  The Parole

---

[3] MCL 791.233b provides in pertinent part:

A person convicted and sentenced for the commission of any of the following crimes other than a prisoner subject to disciplinary time is not eligible for parole until the person has served the minimum term imposed by the court less an allowance for disciplinary credits as provided in section 33(5) of 1893 PA 118, MCL 800.33, and is not eligible for special parole:

* * *

(m) Section . . . 227 of the Michigan penal code, . . . MCL . . . 750.227.

* * *

(x) Section . . . 531 of the Michigan penal code, . . . MCL . . . 750.531.
[See also MCL 791.233(1)(c) (precluding defendant from being considered for "special parole" given his offenses).]

We note that MCL 791.233b was amended pursuant to 2019 PA 16, effective August 21, 2019.  Considering its effective date, the amended version of the statute is inapplicable. Furthermore, the amendment is not relevant to our analysis.

[4] MCL 791.234(3) provides:

If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute.

MCL 791.234 was amended pursuant to 2019 PA 14, effective August 21, 2019.  In light of its effective date, the amended version of the statute does not apply.  Additionally, the amendment is not pertinent to the outcome of this case.

[5] "At least 90 days before the expiration of the prisoner's minimum sentence less applicable good time and disciplinary credits for a prisoner eligible for good time or disciplinary credits, . . . . the appropriate institutional staff shall prepare a parole eligibility report."  MCL 791.235(7). An "interview must be conducted at least 1 month before the expiration of the prisoner's minimum sentence less applicable good time and disciplinary credits for a prisoner eligible for good time and disciplinary credits . . . ."  MCL 791.235(1).  The Parole Board is required to take these steps even though the sentencing or successor court has not yet given and may not give written approval for early parole eligibility.  *Hayes*, 312 Mich App at 781.  MCL 791.235 was amended pursuant to 2019 PA 13, effective August 21, 2019.  Given its effective date, the

-3-

Board, citing MCL 769.12(4)(a), requested written approval from the circuit court to parole defendant before his calendar minimum date.

The circuit court judge, who was the successor of the sentencing judge, denied the Parole Board's request. In a letter to the Parole Board, the circuit court emphasized that it was not the sentencing court, and therefore, it was unfamiliar with the facts and did not know the reasoning for its predecessor's decision to impose the particular sentence. The circuit court further explained that the Parole Board's letter contained "no basis for the request to ignore the habitual status for sentencing nor what the victim['s] request was at the time of sentencing." Additionally, the court complained that it had not been provided the presentence investigation report to review for purposes of contemplating the Parole Board's request. Finally, the circuit court stated that it was "not comfortable" altering the sentence.

In March 2018, defendant filed a motion seeking written approval of the Parole Board's jurisdiction to grant defendant parole; he asked the circuit court to declare him eligible for early parole. Defendant submitted numerous exhibits to the circuit court in support, including a transcript of the sentencing hearing, various internal documents of the Department of Corrections concerning defendant, parole guidelines, and letters of support. The prosecution filed a response opposing defendant's motion, arguing that defendant was not remorseful and minimized his involvement in the bank robbery. At the hearing on defendant's motion, the circuit court, ruling from the bench, denied the request for written approval of early parole eligibility. The gist of the court's ruling was that it did not believe that it should exercise its discretion to alter the sentence imposed in the case by the sentencing court. The circuit court judge lamented that her predecessor was very experienced, had a criminal law background, had been a mentor, and was probably more liberal when it came to sentencing. The court further indicated:

> [I] still have to come back to the fact that I was not the sentencing judge, okay. I know when I give a sentence, I have thought about it, given it all the consideration I can give it, and then I make the best decision based on the information I have when I sentence an individual. . . . .

The circuit court additionally stated that it considered the fact that there was a victim of the robbery who had expressed concern about defendant's being released. And the court appeared to agree with "the other points that were made in the prosecutor's brief." The circuit court declared that defendant would be released consistent with the calendar minimum date, June 30, 2022. An order denying defendant's motion was entered on May 15, 2018.

Defendant filed a claim of appeal, but this Court dismissed the appeal for lack of jurisdiction because the circuit court's order was not a final order appealable by right. *People v Grant*, unpublished order of the Court of Appeals, entered June 13, 2018 (Docket No. 344152). Defendant then filed a delayed application for leave to appeal in this Court; however, it was denied "for lack of merit in the grounds presented." *People v Grant*, unpublished order of the

amended version of the statute is inapplicable. Moreover, the amendment does not affect our analysis.

Court of Appeals, entered October 25, 2018 (Docket No. 344625). Defendant filed an application for leave to appeal in the Michigan Supreme Court, and the Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *People v Grant*, 503 Mich 953 (2019).

We review de novo issues of statutory construction. *People v Pinkney*, 501 Mich 259, 267; 912 NW2d 535 (2018). When interpreting a statute, this Court first focuses on the plain language of the statute with the goal of giving effect to the intent of the Legislature. *Id.* at 268. We must read individual words and phrases in the context of the entire legislative scheme, examining the statute as a whole. *Id.* When the language of the statute is unambiguous, the statute must be enforced as written, and no further judicial construction is required or permitted. *Id.* If at all possible, every word in a statute should be given meaning, and no word should be rendered nugatory or treated as surplusage. *Id.* at 288.

The Legislature did not set forth any limitations or guidelines with respect to the "written approval" language in MCL 769.12(4)(a). The statute lacks reference to standards, factors, or criteria that a court should or must consider in deciding whether to grant approval. The statutory language plainly provides a court with *discretionary* authority to approve or not approve a request to designate a prisoner eligible for early parole. Because of the discretionary nature of a court's decision regarding eligibility for early parole by habitual offenders, we hold that the appropriate standard of review is abuse of discretion. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017). A decision that is arbitrary and capricious would fall outside the range of reasonable and principled outcomes. See *In re ASF*, 311 Mich App 420, 429; 876 NW2d 253 (2015) ("arbitrary" means without consideration of or reference to principles and reason, and "capricious" means freakish and whimsical).

This standard of review not only defines the scope of this Court's review of a circuit court's decision under MCL 769.12(4)(a), it effectively commands and guides a circuit court to render a decision and proffer an explanation for the decision such that the ruling falls within the range of reasonable and principled outcomes. See *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). This approach precludes determinations that are arbitrary and capricious or reflect an error of law—the court's discretion is not unfettered. We are not prepared to dictate, nor does the statute require, contemplation of any specific standards, factors, or criteria in the circuit court's decision-making process with respect to whether to approve a request for early parole eligibility. But a circuit court cannot whimsically decide the issue, offering no supporting grounds or reasons. A court must provide a basis or bases for a decision on reflection of the circumstances surrounding the case and the offender, articulating any standards, factors, or criteria that the court might choose to use in reaching a decision. It is only then that this Court can properly assess whether a decision constituted an abuse of discretion. Whether factors, standards, or criteria employed by a court can survive appellate review will have to be determined on a case-by-case basis in this Court and our Supreme Court. Accumulated precedent, starting with this opinion, will shed more light on appropriate considerations by future courts tasked with responding to requests by habitual offenders for early parole eligibility.

Before we review the circuit court's decision in this case, we must address some of defendant's arguments.

We reject defendant's contention that the Parole Board's decision to parole defendant should have been reviewed by the circuit court for a clear abuse of discretion for purposes of deciding the request to approve defendant's eligibility for early parole. The "written approval" requirement of MCL 769.12(4)(a) is simply a prerequisite for a prisoner—sentenced as an habitual offender—to be eligible for early parole; *it does not entail review of any Parole Board decision*. MCR 7.118(H)(3) provides:

> The appellant has the burden of establishing that the decision of the parole board was
>
> (a) in violation of the Michigan Constitution, a statute, an administrative rule, or a written agency regulation that is exempted from promulgation pursuant to MCL 24.207, or
>
> (b) a clear abuse of discretion.

Pursuing a request for written approval for early parole eligibility under MCL 769.12(4)(a) does not constitute an appeal of a decision by the Parole Board. Therefore, a circuit court owes no deference to the Parole Board under the "clear abuse of discretion" standard in the context or for the purposes of deciding whether to approve eligibility for early parole.

Defendant maintains that MCL 769.12(4)(a) is unconstitutional because it is vague and overly broad because the statute provides no guidance or standards for a court to consider when determining parole eligibility. In *Proctor v White Lake Twp Police Dep't*, 248 Mich App 457, 467; 639 NW2d 332 (2002), this Court observed:

> The "void for vagueness" doctrine is derived from the constitutional guarantee that the state may not deprive a person of life, liberty, or property without due process of law. A statute may qualify as void for vagueness if (1) it is overbroad and impinges on First Amendment freedoms, (2) it does not provide fair notice of the conduct it regulates, or (3) it gives the trier of fact unstructured and unlimited discretion in determining whether the statute has been violated. [Citations omitted.]

"There is a presumption that [a] statute is constitutional, and the party asserting the constitutional challenge has the burden of proof." *STC, Inc v Dep't of Treasury*, 257 Mich App 528, 539; 669 NW2d 594 (2003).

The fatal flaw in defendant's argument is that a prisoner has no right to parole. *Morales v Mich Parole Bd*, 260 Mich App 29, 39; 676 NW2d 221 (2003). Prisoners do not enjoy a constitutional or inherent right to be conditionally released from a sentence that is validly imposed. *Id.* Accordingly, a court's decision regarding eligibility for early parole does not implicate any concerns about the deprivation of a constitutional guarantee of life, liberty, or property without due process of law. Thus, defendant's position necessarily fails. Furthermore, defendant's argument does not relate to First Amendment freedoms or to fair notice of regulated

conduct. The fact that MCL 769.12(4) provides no explicit standards or structure for determining whether to approve a request for eligibility for early parole does not render the statute invalid. Furthermore, as discussed above, the abuse of discretion standard inherently constrains courts from issuing arbitrary or capricious decisions even in the absence of any other expressly enumerated standards.. Therefore, defendant's vagueness argument fails.

A statute is overbroad when it intrudes on constitutionally protected conduct in addition to the behavior that it may legitimately regulate. *People v Morris*, 314 Mich App 399, 406; 886 NW2d 910 (2016). Defendant does not present any relevant argument that MCL 769.12(4)(a) prohibits or interferes with constitutionally protected conduct, such as First Amendment freedoms. Accordingly, defendant's overbreadth argument fails.

Finally, we address the issue of whether the circuit court's decision to deny approval of the request to designate defendant eligible for early parole constituted an abuse of discretion. We hold that the court did abuse its discretion in this matter because the court effectively failed to exercise its discretion, abdicating its role and responsibility under MCL 769.12(4)(a) by refusing to consider eligibility for parole before the calendar minimum date in deference to the minimum sentence imposed by the sentencing court 25 years earlier. Pursuant to MCL 769.12(4)(a), the decision regarding whether to approve early eligibility for parole rests with the sentencing judge or the judge's "successor." Nowhere in the statutory language is it indicated that a successor judge must give deference to or abide by the sentencing judge's decision to impose a particular minimum sentence for purposes of contemplating a defendant's release before expiration of the minimum sentence. Rather, the plain text of the statute makes clear that the successor judge is to decide the matter of early parole eligibility. In this case, by deferring to the sentencing court, the circuit court failed to exercise *its* discretion. The circuit court made a clear error of law by not engaging in its own analysis and by not making its own independent determination on the issue; therefore, the court abused its discretion. Were we to allow the circuit court's decision to stand, MCL 769.12(4)(a) would essentially be rendered meaningless because early parole eligibility would never be authorized if the successor court feels bound to honor the minimum sentence as being the earliest point in time that a defendant should become eligible for parole. Failing to exercise discretion when called upon to do so necessarily constitutes an abuse of that discretion. *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990).

Equally problematic is that by deferring to the sentencing court's decision made in 1993, defendant's 25 years of imprisonment and his conduct during those years, whether characterized as good or bad, escaped any significant consideration for purposes of the circuit court's decision to deny the request to render defendant eligible for early parole. We acknowledge that the circuit court made fleeting reference to the victim's concerns about defendant's prospective release and to the reasons the prosecution gave in its brief to reject defendant's motion. But the record is quite clear that the court ultimately made its decision on the basis of its reluctance to allow

parole eligibility before defendant served the minimum sentence imposed by the sentencing court in 1993.[6]

We reverse the circuit court's ruling and remand for reexamination of the issue regarding whether defendant should be declared eligible for early parole under MCL 769.12(4)(a). We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael F. Gadola
/s/ Amy Ronayne Krause

---

[6] Notwithstanding the above, we appreciate the circuit court's reasonable trepidation regarding overturning a matter given thoughtful consideration by a predecessor. Still, we reiterate that defendant's sentence was imposed at a time when prisoners were eligible to earn good time and/or disciplinary credits. The sentencing judge presumably factored the possibility of defendant's earning such credits into its original sentence. It is appropriate for the trial court to give deference to the probable expectations of the sentencing judge. Nevertheless, the sentencing judge would not have been shocked by the possibility of defendant's being paroled early. Moreover, in any event, a court may not decline to exercise its own discretion solely based on deference to a predecessor.